# PUBLIC INTEREST
## —— LEGAL FOUNDATION ——

VIA HAND DELIVERY
VIA EMAIL
VIA FASCIMILE
VIA CERTIFIED MAIL
VIA COUNSEL

March 1, 2019

Kathy Boockvar
Acting Secretary of the Commonwealth
302 North Office Building, 401 North Street
Harrisburg, PA 17120
Fax: (717) 787-1734

Jonathan M. Marks
Commissioner, Bureau of Commissions, Elections and Legislation
Pennsylvania Department of State
210 North Office Building, 401 North Street
Harrisburg, PA 17120
Email: Ra-st-sure@pa.gov, ST-VOTERREG@pa.gov, RA-BCEL@pa.gov
Fax: (717) 705-0721

**RE: Violation of National Voter Registration Act**

Dear Secretary Boockvar and Commissioner Marks:

On October 23, 2017, the Public Interest Legal Foundation (the "Foundation") contacted Commissioner Marks to request inspection of voter list maintenance records related to registration and voting by non-United States citizens. The Foundation's request was made pursuant to the federal records inspection rights of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501 *et seq.*, which requires each state to "make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters."

On December 4, 2017, the Foundation wrote to Commissioner Marks, again, to ascertain the status of its request and to clarify the scope of the requests records. Copies of the Foundation's records requests are appended to this letter.

The Foundation has spent considerable time and money attempting to inspect the requested records, including two visits to the Bureau of Commissions, Elections and Legislation. Each time, the Department of State denied the Foundation's right to inspect the requested records.

On December 20, 2017, Kathleen Kotula, Deputy Chief Counsel for the Department of State, emailed a letter to the Foundation from Commissioner Marks formally denying the Foundation's

records requests. In his letter Commissioner Marks states, "[T]he Department does not agree that the NVRA entitles you to access the records you seek." A copy of that denial letter is appended to this letter.

As you are aware, the Foundation filed a federal action in the Middle District of Pennsylvania on February 26, 2018 to enforce its rights under the NVRA. In a written opinion dated February 26, 2019, the court explained that the Foundation's pleaded informational injury is sufficient to establish Article III standing under the Constitution of the United States. Docket Entry No. 33 at 7-9, *Public Interest Legal Foundation v. Boockvar*, No. 1:18-cv-463-CCC (M.D. Pa., filed Feb. 26, 2018). The court further explained that the Foundation's injuries are within the "zone of interests" protected by the NVRA and rejected the Department of State's argument that the Foundation has not been "aggrieved" within the meaning of the NVRA. *Id*. at 9-10.

According to the court, the only thing lacking from the Foundation's Complaint was the mere allegation that the Secretary of the Commonwealth received notice of the NVRA violation described *supra*.

**Acting Secretary Boockvar—chief election official for the Commonwealth of Pennsylvania—is hereby notified that the Pennsylvania Department of State, the Bureau of Commissions, Elections and Legislation, Commissioner Marks, and any and all persons acting on their behalf are violating the NVRA by refusing to allow the Foundation to inspect and photocopy the requested records.**

**Jonathan Marks—Commissioner of the Bureau of Commissions, Elections and Legislation—is hereby notified of the same.**

The NVRA violations are ongoing.

This letter serves as statutory notice, required by 52 U.S.C. § 20510(b) prior to the commencement of any action in order to enforce provisions of 52 U.S.C. § 20507(i) for failure to grant inspection of voter list maintenance records. 52 U.S.C. § 20507(i)(1).

It has now been **494 days** since the Foundation first asked for the opportunity to inspect public list maintenance records in the possession of the Department of State.

A special election for federal office in Pennsylvania is scheduled for May 21, 2019.[1] For NVRA violations occurring with 120 of an election for federal office, the curative period is 20 days. 52 U.S.C. § 20510(b)(2). **If the NVRA violation described herein is not corrected within 20 days, the Foundation will—again—pursue federal litigation against all offending parties, as permitted by the NVRA's private-right-of-action provision. 52 U.S.C. § 20510(b).** For any lawsuits initiated by a private party, an award of attorney's fees, expenses, and costs incurred are available under 52 U.S.C. § 20510(c).

Please direct all future correspondence to njohnson@publicinterestlegal.org.

---

[1] https://www.dos.pa.gov/VotingElections/CandidatesCommittees/RunningforOffice/Pages/SpecialElections.aspx

Sincerely,

Noel Johnson
Litigation Counsel
Public Interest Legal Foundation
njohnson@publicinterestlegal.org

cc:

Timothy Gates
Kathleen Kotula
Office of Chief Counsel
Pennsylvania Department of State
306 North Office Building, 401 North Street
Harrisburg, PA 17120

Legal Office
Pennsylvania Department of State
Penn Center, 2601 N. 3rd Street
Harrisburg, PA 17110

Josh Shapiro
Attorney General
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

Daniel T. Brier
Donna A. Walsh
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503



**Commonwealth of Pennsylvania**
**Department of State**
**Bureau Commissions, Elections and Legislation**
**401 North Street**
**Room 210 North Office Building**
**Harrisburg, PA 17120**

Jonathan Marks,
Commissioner

Telephone: (717) 787-5280
Fax: (717) 705-0721

December 20, 2017

**Via Email and First-Class Mail**
Noel Johnson, Esq.
Public Interest Legal Foundation
32 E. Washington Street
Suite 1675
Indianapolis, IN 46204
njohnson@PublicInterestLegal.org

Re:  NVRA Request

Dear Mr. Johnson:

Thank you for your letter dated December 4, 2017, in which you request records from the Pennsylvania Department of State (Department) pursuant to the National Voter Registration Act of 1993 (NVRA). While we can appreciate your interest, the Department does not agree that the NVRA entitles you to access the records you seek. At its core, Section 20507 of the NVRA requires reasonable efforts to remove voters ineligible by reason of death or a change of residence. 52 U.S.C. § 20507(a)(4). There is nothing in that section that specifically relates to the removal of non-citizens. Therefore, it is not reasonable to read the public disclosure provision in Section 20507(i) as relating to anything but the mandatory removal programs set forth in Section 20507(a)(4).

Further, even assuming *arguendo* that the NVRA would apply to a systematic removal program regarding non-citizens, the Department does not currently have such a program in place. As such, no responsive documents exist.

Maintaining the accuracy and integrity of Pennsylvania's voter registration database is extremely important to the Department and we are committed to using reliable tools that advance the goals of increased accuracy and integrity. The solution we recently implemented in partnership with PennDOT to prevent non-citizens from entering the Motor Voter workflow advances these goals, and does so without the risk of disenfranchisement. As we stated at the hearings before the Pennsylvania General

Noel Johnson, Esq.
December 20, 2017
Page 2


Assembly, the Department is actively reviewing this matter but we must proceed in a responsible manner to ensure that no eligible voters are disenfranchised in the process.

Thank you again for your letter.

Sincerely,

Jonathan Marks
Commissioner
Bureau of Commissions, Elections and Legislation
Pennsylvania Department of State

# PUBLIC INTEREST
## —— LEGAL FOUNDATION ——

VIA EMAIL, FACSIMILE

December 4, 2017

Mr. Jonathan M. Marks
Commissioner, Bureau of Commissions, Elections and Legislation
Pennsylvania Department of State
210 North Office Building, 401 North Street
Harrisburg, PA 17120
Email: Ra-st-sure@pa.gov, ST-VOTERREG@pa.gov, RA-BCEL@pa.gov
Fax: (717) 705-0721

**RE: NVRA public disclosure request follow-up**

Dear Disclosure Officer(s):

On October 23, 2017, I submitted to your office four requests pursuant to the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20501 *et seq.*, which requires your office to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i).

On October 25, 2017, I visited your office to inspect the requested records. Your office did not make the requested records available for inspection.

On October 30, 2017, your office acknowledged the requests were being processed pursuant to the NVRA and asked that an additional 30 days be given to ensure cooperation and compliance. Your internally-set window to respond lapsed without update on November 29, 2017.

In the interest of efficient and thorough disclosure, I offer the following guidelines for the documents I hope are furnished for inspection or, in the alternative, are replicated.

- With regard to Request 1(a), documents sought would most recently include results (full or interim) from an aforementioned official "review" of voter data compared against PennDOT's database of customers to identify voters with matching driver profiles containing noncitizen designations. Given the public assertions that such actions were underway according to news media reports and testimony before the Pennsylvania House State Government Committee on October 25, PILF reasonably expects that some amount of records would be available for inspection as of this writing. This request seeks access to any combination of: metadata summaries of the "review's" findings; detailed listings of flagged voters for citizenship eligibility defects; records indicating maintenance actions undertaken as a result of the "review"; detailed voter profiles for each flagged voter within SURE; comprehensive voting histories with political party registration/affiliation for the same; and communications/written guidelines for

methodology of said "review".

- Request 2 seeks all available documents per each former voter that self-reported their citizenship ineligibility by any method of notification. My offer stands to furnish examples of similar records obtained via NVRA request from another state. The same examples can be provided for Request 3.

- Request 4 seeks all non-exempt records of communication with law enforcement related to Requests 1 – 3.

A representative of the Public Interest Legal Foundation will be visiting your office on December 6, 2017 to inspect the requested list maintenance records.

If you wish to dispense with a public inspection and provide copies of these records instead, please send them to following address:

>    32 E. Washington Street
>    Suite 1675
>    Indianapolis, IN 46204

This is your first notice that if you fail to make these records available for public inspection, you will be in violation of the NVRA and subject to an action to enforce the public records provisions of the NVRA. The statute provides for an award of attorney's fees.

Should you need to contact me regarding this request, please contact me via letter at the above address, or via email at njohnson@publicinterestlegal.org.

Thank you for your service on this matter.

Sincerely,

Noel Johnson
Litigation Counsel
Public Interest Legal Foundation
Telephone (317) 203-5599
njohnson@publicinterestlegal.org

Enclosure: October 30 letter RE: Right-to-Know Law Request No. 2017-474

# ORIGINAL REQUEST

VIA EMAIL, FACSIMILE

October 23, 2017

Mr. Jonathan M. Marks
Commissioner, Bureau of Commissions, Elections and Legislation
Pennsylvania Department of State
210 North Office Building, 401 North Street
Harrisburg, PA 17120
Email: Ra-st-sure@pa.gov, ST-VOTERREG@pa.gov, RA-BCEL@pa.gov
Fax: (717) 705-0721

**RE: NVRA public disclosure request**

Dear Disclosure Officer(s):

I am writing to request inspection or copies of records related to your office's voter list maintenance obligations under the National Voter Registration Act of 1993 (NVRA).

The National Voter Registration Act of 1993, 52 U.S.C. § 20501 *et seq.*, requires your office to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i).

Pursuant to Section 20507(i) of NVRA, I request that your office reproduce or provide the opportunity to inspect the following records contained within SURE:

1. Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any official information source, including information obtained from the various agencies within the U.S. Department of Homeland Security and the Pennsylvania Department of Transportation since January 1, 2006. This request extends to all documents that provide the name of the registrant, the voting history of such registrant, the nature and content of any notice sent to the registrant, including the date of the notice, the response (if any) of the registrant, and actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation.
    a. This request includes all voter records that were referenced in recent news media reports regarding individuals improperly exposed to registration prompts due to a "glitch" in PennDOT's Motor Voter compliance system. At least one news report claims that "a Pennsylvania Department of State review is underway."[1] I seek all

---

[1] The Philadelphia Inquirer; Glitch let ineligible immigrants vote in Philly elections, officials say (September 20, 2017), http://www.philly.com/philly/news/politics/city/philly-voter-fraud-trump-immigrants-registration-commissioners-penndot-20170920.html

    voter records contained in this review.

2. All documents and records of communication received or maintained by your office from registered voters, legal counsel, claimed relatives, or other agents since January 1, 2006 requesting a removal or cancellation from the voter roll for any reason related to non-U.S. citizenship/ineligibility. Please include any official records indicating maintenance actions undertaken thereafter.

3. All documents and records of communication received or maintained by your office from jury selection officials—state and federal--since January 1, 2006 referencing individuals who claimed to be non-U.S. citizens when attempting to avoid serving a duty call. This request seeks copies of the official referrals and documents indicating where your office or local registrars matched a claim of noncitizenship to an existing registered voter and extends to the communications and maintenance actions taken as a result that were memorialized in any written form.

4. All communications regarding list maintenance activities relating to #1 through 3 above to appropriate local prosecutors, Pennsylvania Attorney General, Pennsylvania State Police, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation.

Understanding that federal file retention laws may impact some disclosures, an optimal grouping of documents presented per registered voter disclosed would contain the following:

- The completed voter application form (redacted where necessary to prevent disclosures of claimed Social Security number and signature);

- Referral documents/transmissions for new or updated voter registration applications provided by state agencies charged with National Voter Registration Act (Motor Voter) duties;

- Records indicating the "voter profile" or "voter view" or similar feature provided within the Statewide Uniform Registry of Electors (SURE) which details all information kept per voter, to include but is not limited to:
    - Full name on file (including previous names)
    - Date of birth
    - Voter ID number
    - Voter registration date (including previous dates of registration)
    - Date of last maintenance/update action
    - Reason code(s) for previous maintenance action(s)
    - County of registration
    - Detailed address information history (residential and mailing)
    - Political party designation history (if claimed/recorded)
    - Registration method history (e.g. self, NVRA agency transaction, third-party, etc.)
    - Assigned voting districts history
    - Election participation history in full

- o   All internal memoranda stored within each "profile"

- All letters, postcards, and other mailings sent or maintained by your office to the voter in question with notations for types of postage or method of delivery indicated where possible;

- All letters, emails, logged phone calls, documents, and other communications from the voter in question maintained within SURE—including those communications from legal counsel or claimed relatives on their behalf;

- All documents your office may receive or maintain from federal entities to include but are not limited to the U.S. Department of Homeland Security/USCIS detailing inquiries regarding registered voters;

- All documents and communications contained in SURE between the registered voter in question and county registration officials with respect to pending immigration matters; and

- Any documents contained in SURE that were sent to the voter to require that an affirmation of citizenship or noncitizenship be given in writing with responses included, where applicable.

Should your office require any examples of the above data collected via NVRA request in other jurisdictions, I would be happy to supply them in electronic format.

If you would like to produce these requested documents in paper or digital form, I can dispense with the need to visit your office for inspection. I will be in Harrisburg on October 25, 2017 and would be available for a brief office visit to take delivery of responsive documents or further discuss this request, if necessary. My contact information is provided below.

Thank you for your service on this matter.


Sincerely,

Noel Johnson
Litigation Counsel
Public Interest Legal Foundation
Telephone (317) 203-5599
njohnson@publicinterestlegal.org



Johnston Street, Suite
**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF STATE**
HARRISBURG, PENNSYLVANIA
17120

**Right-to-Know Law Office**
**Room 306, North Office Building**
**401 North Street**
**Harrisburg, PA  17120-0500**
**Fax:  717-214-9899**

**Mailing Date: October 30, 2017**

**Noel Johnson**

**njohnson@publicinterestlegal.org**

**RE:  Right-to-Know Law Request No. 2017-474**

Dear Mr. Johnson:

On October 23, 2017, the Department of State was forwarded your request under the National Voter Registration Act of 1993 (NVRA) for response under the Pennsylvania Right-to-Know Law, 65 P.S. §§ 67.101, et seq. (RTKL). In your request, you asked for:

1. Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any official information source, including information obtained from the various agencies within the U.S. Department of Homeland Security and the Pennsylvania Department of Transportation since January 1, 2006. This request extends to all documents that provide the name of the registrant, the voting history of such registrant, the nature and content of any notice sent to the registrant, including the date of the notice, the response (if any) of the registrant, and actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation.

    a. This request includes all voter records that were referenced in recent news media reports regarding individuals improperly exposed to registration prompts due to a "glitch" in PennDOT's Motor Voter compliance system. At least one news report claims that "a Pennsylvania Department of State review is underway."1 I seek all voter records contained in this review.

2. All documents and records of communication received or maintained by your office from registered voters, legal counsel, claimed relatives, or other agents since January 1, 2006 requesting a removal or cancellation from the voter roll for any reason related to non-U.S. citizenship/ineligibility. Please include any official records indicating maintenance actions undertaken thereafter.

3. All documents and records of communication received or maintained by your office from jury selection officials—state and federal--since January 1, 2006 referencing individuals who claimed to be non-U.S. citizens when attempting to avoid serving a duty call. This request seeks copies of the official referrals and documents indicating where your office or local registrars matched a claim of noncitizenship to an existing registered voter and extends to the communications and maintenance actions taken as a result that were memorialized in any written form.

4. All communications regarding list maintenance activities relating to #1 through 3 above to appropriate local prosecutors, Pennsylvania Attorney General, Pennsylvania State Police, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation.

Under the RTKL, a written response to your request is due on or before October 30, 2017.

This is an interim response, not a final response, to your request. Under the provisions of 65 P.S. §67.902(b)(2), you are hereby notified that your request is being reviewed and the Department of State will require up to an additional 30 days, i.e., November 29, 2017, in which to provide a final written response to your request.

The extent and nature of your request precludes a response within the five-day time period. Due to this reason, the total for the estimated or actual fees that will be owed when the records become available will be included in our subsequent response.

Many of the records that might possibly be included in your request may also be exempt under section 708(b) of the RTKL. The Department of State reserves the right to review and assert any such exemptions.

Should you have any questions, please feel free to contact me.

Respectfully,

*Rebecca A. Fuhrman*

Rebecca A. Fuhrman
Agency Open Records Officer
306 North Office Building
401 North Street
Harrisburg, PA  17120
717-783-3585

VIA EMAIL, FACSIMILE

October 23, 2017

Mr. Jonathan M. Marks
Commissioner, Bureau of Commissions, Elections and Legislation
Pennsylvania Department of State
210 North Office Building, 401 North Street
Harrisburg, PA 17120
Email: Ra-st-sure@pa.gov, ST-VOTERREG@pa.gov, RA-BCEL@pa.gov
Fax: (717) 705-0721

**RE: NVRA public disclosure request**

Dear Disclosure Officer(s):

I am writing to request inspection or copies of records related to your office's voter list maintenance obligations under the National Voter Registration Act of 1993 (NVRA).

The National Voter Registration Act of 1993, 52 U.S.C. § 20501 *et seq.*, requires your office to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i).

Pursuant to Section 20507(i) of NVRA, I request that your office reproduce or provide the opportunity to inspect the following records contained within SURE:

1. Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any official information source, including information obtained from the various agencies within the U.S. Department of Homeland Security and the Pennsylvania Department of Transportation since January 1, 2006. This request extends to all documents that provide the name of the registrant, the voting history of such registrant, the nature and content of any notice sent to the registrant, including the date of the notice, the response (if any) of the registrant, and actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation.
    a. This request includes all voter records that were referenced in recent news media reports regarding individuals improperly exposed to registration prompts due to a "glitch" in PennDOT's Motor Voter compliance system. At least one news report claims that "a Pennsylvania Department of State review is underway."[1] I seek all voter records contained in this review.

---

[1] The Philadelphia Inquirer; Glitch let ineligible immigrants vote in Philly elections, officials say (September 20, 2017), http://www.philly.com/philly/news/politics/city/philly-voter-fraud-trump-immigrants-registration-commissioners-penndot-20170920.html

2. All documents and records of communication received or maintained by your office from registered voters, legal counsel, claimed relatives, or other agents since January 1, 2006 requesting a removal or cancellation from the voter roll for any reason related to non-U.S. citizenship/ineligibility. Please include any official records indicating maintenance actions undertaken thereafter.

3. All documents and records of communication received or maintained by your office from jury selection officials—state and federal--since January 1, 2006 referencing individuals who claimed to be non-U.S. citizens when attempting to avoid serving a duty call. This request seeks copies of the official referrals and documents indicating where your office or local registrars matched a claim of noncitizenship to an existing registered voter and extends to the communications and maintenance actions taken as a result that were memorialized in any written form.

4. All communications regarding list maintenance activities relating to #1 through 3 above to appropriate local prosecutors, Pennsylvania Attorney General, Pennsylvania State Police, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation.

Understanding that federal file retention laws may impact some disclosures, an optimal grouping of documents presented per registered voter disclosed would contain the following:

- The completed voter application form (redacted where necessary to prevent disclosures of claimed Social Security number and signature);

- Referral documents/transmissions for new or updated voter registration applications provided by state agencies charged with National Voter Registration Act (Motor Voter) duties;

- Records indicating the "voter profile" or "voter view" or similar feature provided within the Statewide Uniform Registry of Electors (SURE) which details all information kept per voter, to include but is not limited to:
    - Full name on file (including previous names)
    - Date of birth
    - Voter ID number
    - Voter registration date (including previous dates of registration)
    - Date of last maintenance/update action
    - Reason code(s) for previous maintenance action(s)
    - County of registration
    - Detailed address information history (residential and mailing)
    - Political party designation history (if claimed/recorded)
    - Registration method history (e.g. self, NVRA agency transaction, third-party, etc.)
    - Assigned voting districts history
    - Election participation history in full
    - All internal memoranda stored within each "profile"

- All letters, postcards, and other mailings sent or maintained by your office to the voter in question with notations for types of postage or method of delivery indicated where possible;

- All letters, emails, logged phone calls, documents, and other communications from the voter in question maintained within SURE—including those communications from legal counsel or claimed relatives on their behalf;

- All documents your office may receive or maintain from federal entities to include but are not limited to the U.S. Department of Homeland Security/USCIS detailing inquiries regarding registered voters;

- All documents and communications contained in SURE between the registered voter in question and county registration officials with respect to pending immigration matters; and

- Any documents contained in SURE that were sent to the voter to require that an affirmation of citizenship or noncitizenship be given in writing with responses included, where applicable.

Should your office require any examples of the above data collected via NVRA request in other jurisdictions, I would be happy to supply them in electronic format.

If you would like to produce these requested documents in paper or digital form, I can dispense with the need to visit your office for inspection. I will be in Harrisburg on October 25, 2017 and would be available for a brief office visit to take delivery of responsive documents or further discuss this request, if necessary. My contact information is provided below.

Thank you for your service on this matter.


Sincerely,

Noel Johnson
Litigation Counsel
Public Interest Legal Foundation
Telephone (317) 203-5599
njohnson@publicinterestlegal.org