| | |
|---|---|
| The **PUBLIC INTEREST LEGAL FOUNDATION**, <br><br> *Plaintiff,* <br><br> v. <br><br> **KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, and the BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION,** <br><br> *Defendants.* | No. 1:19-cv-00622-CCC |

**Plaintiff Public Interest Legal Foundation's**
**Motion for Initial Case Management Conference**

Plaintiff Public Interest Legal Foundation ("Foundation") respectfully requests that the Court schedule the initial case management conference in the above-captioned matter,[1] and in support thereof, states the following:

The Foundation filed this action on April 10, 2019. (Doc. 1.)[2] On April 11, 2019, this Court entered a letter on the docket, which stated, in relevant part, "The

---

[1] Unless otherwise ordered, the initial case management conference is mandatory. Local Rule 16.1.

parties are advised to comply fully with Rule 26 and other provisions of the Federal Rules of Civil Procedure. Counsel shall not cease active discovery efforts pending disposition of a motion to dismiss." (Doc. 4.) Rule 26(f) requires the parties to confer "as soon as practicable."

Accordingly, on June 27, 2019, and again on July 8, 2019, counsel for the Foundation contacted counsel for the Secretary by email to arrange a time for the parties to conduct the conference required by Federal Rule of Civil Procedure 26(f) and Local Rule 16.3 (hereafter, "Rule 26(f) Conference"). *See* Exhibit A at 3-4. Notwithstanding this Court's instructions in its April 11 letter that the parties must comply with Rule 26 and "not cease active discovery efforts pending disposition of a motion to dismiss" (Doc. 4), the Secretary is refusing to conduct the Rule 26(f) Conference, *see* Exhibit A at 1, and is thereby preventing the Foundation from engaging in discovery, Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)….").

On July 19, 2019, and again on September 3, 2019, counsel for the Foundation asked counsel for the Secretary for his position on the relief sought by this motion. Exhibit A at 2. Counsel for the Secretary objected and stated that

---

[2] The Secretary was served with the Complaint on April 17, 2019. (Docs. 7, 8, and 9.) On May 8, 2019, the Secretary moved to dismiss. (Doc. 12; Doc. 14.) The Secretary's motion is fully briefed and remains pending before this Court.

"defendants' opposition [is] based on the Court's Order (Doc #28 (attached)) in the PILF prior filed action docketed at 1:18-CV-463." Exhibit A at 1.

Document 28 is an order from this Court deferring issuance of a case management plan pending disposition of the defendants' motion to dismiss in the Foundation's *prior* action to enforce the NVRA's public inspection rights. Exhibit B. No such order has been issued in *this* action. Instead, the parties have been instructed to proceed with the Rule 26(f) Conference and active discovery while this Court considers the Secretary's motion to dismiss. (Doc. 4.) The Foundation seeks to comply with those instructions, but cannot due to the Secretary's refusal to conduct a Rule 26(f) Conference.

Although this Court ultimately deferred issuing a case management order in the Foundation's prior action, it did so only after setting the initial case management conference (*i.e.*, the relief requested by this motion), receiving the parties' case management plan, and hearing from the parties via telephone.

This Court should again hear from the parties at the initial case management conference. While this action might sit procedurally in the same position as the Foundation's prior action, it does not sit so factually. When the Foundation first sought identical relief in February 2018, this Court held both that the Foundation has standing and that the Foundation's interests are within the "zone of interests" protected by NVRA. *Pub. Interest Legal Found. v. Boockvar*, No. 1:18-CV-463,

2019 U.S. Dist. LEXIS 30095, at *7-12 (M.D. Pa. Feb. 26, 2019). This Court dismissed the Foundation's complaint *only* on the basis that the Foundation did not allege that it provided the required pre-litigation notice to the Secretary of the Commonwealth. *Id*. at *12-15. The Complaint here alleges that the required notice was provided (Doc. 1 ¶¶ 118-125; Docs. 1-15, 1-16, 1-17), and the Secretary does not seek dismissal for lack of notice. (Doc. 12 (explain that dismissal is sought under Rule 12(b)(6) of the Federal Rules of Civil Procedure).) This action thus presents factual allegations that warrant proceeding in the ordinary course, as provided by the federal rules, the local rules, and the orders of this Court.[3]

For the foregoing reasons, the Foundation respectfully requests that this Court schedule the initial case management conference.

---

[3] This case has also progressed past the point at which the parties should have received a scheduling order. Local Rule 16.4 provides, "The court shall issue a scheduling order within one hundred and twenty (120) days after service of the complaint after consulting with counsel and any *pro se* litigants by conference, telephone, mail, or any other suitable means." As of the day this Motion was filed, one hundred and forty (140) have elapsed since the complaint was served on April 17, 2019. (Docs. 7, 8, and 9.)

Dated: September 4, 2019.

Respectfully submitted,

For the Plaintiff Public Interest Legal Foundation:

Linda A. Kerns, Esquire
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200
Philadelphia, PA 19102
PA Atty ID 84495
Tel:  (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

/s/ Noel H. Johnson
J. Christian Adams (Va. Bar # 42543)*
Noel H. Johnson (Wis. Bar # 1068004)**
Attorneys for Public Interest Legal Foundation, Inc.
32 E. Washington St.
Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@PublicInterestLegal.org
njohnson@PublicInterestLegal.org
*Pro Hac Vice application to be filed*
**Admitted Pro Hac Vice*

## LOCAL RULE 7.1 CERTIFICATE

Pursuant to Local Rule 7.1, counsel for the Foundation sought concurrence in the motion from counsel for Defendants, which was denied for the reasons stated in the Motion and attached exhibits.

/s/ Noel H. Johnson
Noel H. Johnson
njohnson@publicinterestlegal.org
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2019, I electronically filed the

foregoing using the Court's ECF system, which will serve notice on all parties.

/s/ Noel H. Johnson
Noel H. Johnson
njohnson@publicinterestlegal.org
Counsel for Plaintiff