IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : |
| Plaintiff, | : |
| v. | : NO. 1:19-CV-622 |
| KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, and the BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION, | : CHIEF JUDGE CONNER : ELECTRONICALLY FILED |
| Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

**INTRODUCTION**

This Court's Order denying Defendants'[1] Motion to Dismiss (ECF No. 12) is appropriate for immediate appellate review under 28 U.S.C. § 1292(b). The Order considered an issue of first impression: whether the disclosure provision in the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i) (hereinafter

---

[1] Defendant Bureau of Commissions, Elections and Legislation was dismissed as a party by the Memorandum and Opinion dated December 13, 2019. (ECF No. 23.)

"the Disclosure Provision"), is limited to records related to removal of names of registrants who have died or changed residence from official lists of eligible voters. The Court's evaluation of this legal issue involved a "controlling question of law." 28 U.S.C. § 1292(b). The Court's analysis of the Disclosure Provision is a purely legal question for which there is "substantial ground for difference of opinion." *Id*. This Court recognized as much, acknowledging that its interpretation of the Disclosure Provision is a "matter of first impression in our circuit." (ECF No. 23 at p. 9.) Further, resolution of this issue will undoubtedly aid the ultimate termination of this action. The overriding issue in this matter is whether the NVRA requires public disclosure of the records that Plaintiff is seeking. Interpretation of the Disclosure Provision is thus critical to the ultimate disposition of this litigation. Accordingly, Defendants respectfully request that this Court certify the issue in Section III.A of the December 13, 2019 Memorandum and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## **ARGUMENT**

A district court may certify an interlocutory order for immediate appeal if: (1) it involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also Katz v. Carte*

*Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974).  All three elements are readily satisfied here and therefore certification for immediate appeal is appropriate.

> **A.   Interpretation of the disclosure provision is a purely legal issue which is appropriate for interlocutory review.**

Analysis of whether the Disclosure Provision of the NVRA is limited to records related to registrant deaths or changes in residence constitutes a controlling question of law.

"Controlling" means "serious to the conduct of the litigation in a practical or legal sense."  *FTC v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014), *aff'd,* 799 F.3d 236 (3d Cir. 2015).  A "question of law" refers to "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine."  *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000); *see also Galvan v. Hess Oil Virgin Islands Corp.*, 549 F.2d 281, 282 (3d Cir. 1977) (interlocutory appeal granted pursuant to 28 U.S.C. § 1292(b) to address two issues of statutory construction).

Whether or not the records sought by Plaintiff are required to be disclosed under the Disclosure Provision is "serious to the conduct of the litigation."  The overriding issue in this litigation is whether Defendants are obligated to disclose the records sought by Plaintiff and construction of the Disclosure Provision is

dispositive of this issue. Accordingly, the outcome of the statutory construction issue will dictate the outcome of the litigation.

This issue is a pure question of law as it involves interpretation of the Disclosure Provision in the context of the NVRA to determine whether only list maintenance records are required to be disclosed or whether Congress intended to confer a broader right of inspection. Such statutory analysis is the type of "pure legal question" contemplated by 28 U.S.C. § 1292(b). *See, e.g.*, *Public Serv. Co. of New Mexico v. Approximately 15.49 Acres of Land in McKinley Cty., New Mexico*, 167 F. Supp. 3d 1248, 1270 (D.N.M. 2016) ("cases involving statutory interpretation are well suited for interlocutory appeal"); *Capital Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 552 (S.D.N.Y. 2013) (issue that turned "almost exclusively on a question of statutory interpretation" was question of law suitable for certification); *G.L. v. Ligonier Valley Sch. Dist. Auth.*, No. 2:13-CV-00034, 2013 WL 6858963, at *6 (W.D. Pa. Dec. 30, 2013) (certifying question of statutory interpretation and application), *aff'd and remanded*, 802 F.2d 601 (3d Cir. 2015).[2]

Resolution of this issue of statutory interpretation does not turn on analysis of any disputed facts. Likewise, it would not require the Third Circuit to delve significantly into a factual record. *Capital Records, LLC*, 972 F. Supp. 2d at 552

---

[2] The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

("reviewing court could decide [issue] quickly and cleanly without having to study the record.") Thus, this controlling question of law is appropriate for interlocutory review.

### B.     There is substantial grounds for difference of opinion.

Interpretation of the Disclosure Provision is an issue for which there is substantial ground for difference of opinion. A "substantial ground for difference of opinion" arises from "doubt as to the correct legal standard, such as conflicting precedent, the absence of controlling law, or complex statutory interpretation." *Karlo v. Pittsburgh Glass Works, LLC*, No. 2:10-CV-1283, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014) (citing *Glover v. Udren*, Civ. No. 08-990, 2013 WL 3072377, at *3 (W.D. Pa. June 18, 2013)). Questions of first impression may present substantial ground for difference of opinion. *See Nationwide Life Ins. Co. v. Commw. Land Title Ins. Co.*, Civ. No. 05-281, 2011 WL 1044864, at *3 (E.D. Pa. Mar. 23, 2011) ("The sheer absence of any persuasive, let alone controlling, law on this issue is sufficient on its own to provide substantial grounds for difference of opinion."); *see also Wyndham*, 10 F. Supp. 3d at 634-35 (certifying for appeal an issue of first impression regarding application of FTC Act to data security breach and noting that "novelty" of liability issues means that "reasonable jurists may differ over the court's resolution").

As this Court recognized, interpretation of the Disclosure Provision is a "matter of first impression in our circuit." (ECF No. 23 at p. 9.) The lack of controlling law on this issue is "sufficient on its own to provide substantial ground for difference of opinion." *Nationwide Life Ins. Co.*, 2011 WL 1044864, at *3.

### C.    Interlocutory review will materially advance the ultimate termination of this litigation.

In evaluating the third element of the certification test, courts consider whether an appeal could "eliminate the need for trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp.2d 701, 707 (M.D. Pa. 2009) (citations omitted) (Conner, J.).

Resolution of the statutory construction issue in this case will achieve all of those goals. Conclusive guidance from the Third Circuit on the statutory interpretation issue may obviate any production of records. The issue is case dispositive and therefore appropriate for certification. *See Obasi Investment LTD v. Tibet Pharms., Inc.*, 931 F.3d 179, 183 (3d Cir. 219) (noting that district court found interlocutory appeal under Section 1292(b) would materially advance ultimate termination of litigation because "[i]f [the Third Circuit] disagreed with the District Court, the litigation would thus be at an end").

6

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that this Court grant their Motion and certify the issue in Section III.A of the December 13, 2019 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

        Respectfully submitted:

        /s/ Daniel T Brier
        Daniel T. Brier
        Donna A. Walsh
        Suzanne P. Conaboy

        Counsel for Defendants, Kathy Boockvar and Jonathan M. Marks

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Dated: January 6, 2020

## CERTIFICATE OF SERVICE

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Certification Under 28 U.S.C. § 1292(b) was served upon the following counsel of record via the Court's ECF system on this 6th day of January, 2020:

>J. Christian Adams, Esquire
>Public Interest Legal Foundation, Inc.
>1555 King Street, Suite 200
>Alexandria, VA  22314
>
>Noah H. Johnson, Esquire
>Public Interest Legal Foundation
>32 E. Washington Street, Suite 1675
>Indianapolis, IN  46204
>
>Linda A. Kerns, Esquire
>Law Offices of Linda A. Kerns, LLC
>1420 Locust Street, Suite 200
>Philadelphia, PA  19102

/s/ Daniel T. Brier