# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:19-CV-622 |
| | : | |
| KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, and the BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION, | : | CHIEF JUDGE CONNER |
| | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants Kathy Boockvar, Secretary of the Commonwealth of Pennsylvania, and Jonathan M. Marks, Deputy Secretary for Elections and Commissions ("Defendants"), by and through their undersigned counsel, state the following as their Answer and Affirmative Defenses in response to the Complaint[1] in the above-captioned matter:

---

[1] This Answer and Affirmative Defenses is filed without waiver of Defendants' request for a stay pending disposition of its motion under 28 U.S.C. § 1292(b). (ECF Nos. 29, 30.)

1.      Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 concerning specific records which Plaintiff claims to possess or the other records referenced in Paragraph 1 and the allegations are denied.  The remaining allegations in Paragraph 1 constitute conclusions of law to which no responsive pleading is required.

2.      Denied.  The allegations in Paragraph 2 constitute conclusions of law to which no responsive pleading is required.  To the extent a response is deemed to be required, Defendants specifically deny that Plaintiff has stated a viable claim for injunctive or other relief or that Plaintiff is entitled to any relief.

### JURISDICTION AND VENUE

3.      Denied.  The allegations in Paragraph 3 constitute conclusions of law to which no responsive pleading is required.

4.      Denied.  The allegations in Paragraph 4 constitute conclusions of law to which no responsive pleading is required.

## PARTIES

5.      Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 concerning Plaintiff or its operations and the allegations are denied.

6.      Admitted in part and denied in part.  It is admitted only that Kathy Boockvar previously served as Acting Secretary of the Commonwealth of Pennsylvania.  Since the Complaint was filed, Ms. Boockvar has been confirmed as Secretary of the Commonwealth of Pennsylvania whose powers and duties relating to elections are prescribed by the Pennsylvania Election Code, 25 P.S. § 2601 *et seq*.  Defendants deny the remaining allegations in Paragraph 6 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

7.      Admitted in part and denied in part.  It is admitted only that Jonathan M. Marks is the Deputy Secretary for Elections and Commissions and is a member of Department of State senior staff.  Defendants deny the remaining allegations in Paragraph 7 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

8.      The Bureau of Commissions, Elections and Legislation was dismissed as a party by the Memorandum and Order dated December 13, 2019, (ECF No. 23), and therefore no response to Paragraph 8 is required.

9.      Denied.  Defendants deny that they are custodians of records requested by Plaintiff and further state that the allegations in Paragraph 9 constitute conclusions of law to which no responsive pleading is required.

## BACKGROUND

10.      Denied as stated.  The disclosure provision in the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i)(1), (referred to hereinafter as "the Disclosure Provision"), being in writing, speaks for itself, and Plaintiff's characterization thereof is denied.

11.      Denied as stated.  The Disclosure Provision, being in writing, speaks for itself, and Plaintiff's characterization thereof is denied.

12.      Denied as stated.  It is admitted only that the Department of State maintains a Statewide Uniform Registry of Electors known as the "SURE system" to serve as a database of all registered electors in Pennsylvania in accordance with 25 Pa. C.S.A. § 1222.  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

4

13.     Denied as stated.  It is admitted only that list maintenance activities in Pennsylvania are detailed in 25 Pa. C.S.A. § 1901 *et seq*.  Those provisions, being in writing, speak for themselves and Plaintiff's characterization thereof is denied.

14.     Denied as stated.  It is admitted only that certain records are required to be made available for public inspection under 25 Pa. C.S.A. § 1405(b).  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  Plaintiff's characterization of the NVRA in Paragraph 14 is likewise denied.

15.     Denied.  It is admitted only that cancellation of voter registration is regulated by 25 Pa. C.S.A. § 1904(a).  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The remaining allegations in Paragraph 15 constitute conclusions of law to which no responsive pleading is required and are denied.

16.     Denied.  It is admitted only that cancellation of voter registration is regulated by 25 Pa. C.S.A. § 1904(a).  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The remaining allegations in Paragraph 16 constitute conclusions of law to which no responsive pleading is required and are denied.

17.     Denied.  It is admitted only that voter registration lists are used to prepare master lists of prospective jurors pursuant to 42 Pa. C.S.A. § 4521(a)(2). That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The remaining allegations in Paragraph 17 constitute conclusions of law to which no responsive pleading is required and are denied.

18.     Denied as stated.  It is admitted only that qualifications for prospective jurors are set forth in 42 Pa. C.S.A. § 4502.  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

19.     Admitted in part and denied in part.  It is admitted only that it is important to maintain accurate voter registration lists and to ensure that only qualified electors are registered to vote for a number of reasons, including because voter registration lists are used to summon prospective jurors.  The remaining allegations in Paragraph 19 are denied.

20.     Admitted in part and denied in part.  It is admitted only that it is important to maintain accurate voter registration lists and to ensure that only qualified electors are registered to vote for a number of reasons, including because voter registration lists are used to summon prospective jurors.  The remaining allegations in Paragraph 20 are denied.

21.     Denied as stated.  It is admitted only that qualifications to register to vote are detailed in 25 Pa. C.S.A. § 1405(b).  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

22.     Denied as stated.  It is admitted only that 25 Pa. C.S.A. § 1703 imposes prohibitions with respect to certain activities relating to voter registration. That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

23.     Denied as stated.  It is admitted only that the federal laws cited in Paragraph 23 impose certain prohibitions with respect to voter registration and voting.  Those provisions, being in writing, speak for themselves and Plaintiff's characterization thereof is denied.

24.     Denied.  The allegations in Paragraph 24 constitute conclusions of law to which no responsive pleading is required.

25.     Denied as stated.  It is admitted only that 25 Pa. C.S.A. § 1702 prohibits certain conduct in relation to voter registration.  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

26.     Denied as stated.  It is admitted only that 25 Pa. C.S.A. § 1705 prohibits certain conduct in relation to voting.  That provision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

27.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 concerning Plaintiff's investigations or investigations by unnamed "others" and the allegations are denied.

28.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 concerning a request for records submitted by Plaintiff to the Philadelphia City Commission and the allegations are denied.

29.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 concerning records obtained by Plaintiff, Plaintiff's interpretation of those records or the accuracy of information in those records and the allegations are denied.

30.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 concerning records obtained by Plaintiff, Plaintiff's interpretation of

those records or the accuracy of information in those records and the allegations are denied.  The remaining allegations in Paragraph 30 are denied.

31.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 concerning records obtained by Plaintiff, Plaintiff's interpretation of those records or the accuracy of information in those records and the allegations are denied.

32.     Admitted in part and denied in part.  It is admitted only that Plaintiff's representative testified at the hearing referenced in Paragraph 32.  By way of further response, the transcript of the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  Defendants deny the remaining allegations in Paragraph 32 and incorporate by reference their responses to Paragraphs 27-31 of this Answer as if set forth fully herein.

33.     Admitted in part and denied in part.  It is admitted only that the article cited in Paragraph 33 quotes various statements by Philadelphia City Commissioner Al Schmidt concerning a "glitch" at PennDOT.  The article, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The remaining allegations in Paragraph 33 are denied.

34.     Admitted in part and denied in part.  It is admitted only that a software error in the PennDOT electronic motor-voter system may have allowed ineligible individuals to inadvertently register to vote for a period of time.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 concerning documents obtained by Plaintiff from county election officials and the allegations are denied.  Defendants deny the allegations in Paragraph 34 concerning alleged defects in the list maintenance process and further state that allegations relating to statutorily-mandated list maintenance constitute conclusions of law to which no responsive pleading is required.

35.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 concerning documents obtained by Plaintiff from county election officials and the allegations are denied.  Defendants deny the allegations in Paragraph 35 concerning alleged defects in the list maintenance process and further state that allegations relating to statutorily-mandated list maintenance constitute conclusions of law to which no responsive pleading is required.

36.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in

Paragraph 36 concerning the source, authenticity or accuracy of the records attached as Exhibit A and the allegations are denied.

37.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 concerning source, authenticity or accuracy of the records attached as Exhibit B and the allegations are denied.  By way of further response, records in the SURE system, being in writing, speak for themselves, and Plaintiff's characterization of any such records is denied.

38.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 concerning source, authenticity or accuracy of the records attached as Exhibit C and the allegations are denied.  By way of further response, records in the SURE system, being in writing, speak for themselves, and Plaintiff's characterization of any such records is denied.

39.     Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 concerning source, authenticity or accuracy of the records attached as Exhibit D and the allegations are denied.  By way of further response, records in

the SURE system, being in writing, speak for themselves, and Plaintiff's

characterization of any such records is denied.

40.     Denied.  After reasonable investigation, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations in

Paragraph 40 concerning source, authenticity or accuracy of the records attached as

Exhibit E and the allegations are denied.  By way of further response, records in

the SURE system, being in writing, speak for themselves, and Plaintiff's

characterization of any such records is denied.

41.     Denied.  After reasonable investigation, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations in

Paragraph 41 concerning source, authenticity or accuracy of the records attached as

Exhibit F and the allegations are denied.  By way of further response, records in

the SURE system, being in writing, speak for themselves, and Plaintiff's

characterization of any such records is denied.

42.     Denied.  After reasonable investigation, Defendants lack knowledge

or information sufficient to form a belief as to the truth of the allegations in

Paragraph 42 concerning source, authenticity or accuracy of the records attached as

Exhibit G and the allegations are denied.  By way of further response, records in

the SURE system, being in writing, speak for themselves, and Plaintiff's characterization of any such records is denied.

43.     Admitted.

44.     Denied as stated.  It is admitted only that the House State Government Committee held a hearing on October 25, 2017.  The transcript of the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

45.     Denied as stated.  It is admitted only that counsel for Plaintiff in this action appeared and gave testimony at the hearing on October 25, 2017.  The transcript of the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

46.     Denied as stated.  It is admitted only that Commissioner Schmidt appeared and gave testimony at the hearing on October 25, 2017.  The transcript of the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

47.     Denied.  The written testimony presented by Commissioner Schmidt, being in writing, speaks for itself and Plaintiff's characterization thereof is denied. The remaining allegations in Paragraph 47 are denied.

48.     Admitted in part and denied in part.  It is admitted only that Commissioner Schmidt shared certain information with Department of State officials and the House State Government Committee.  The remaining allegations in Paragraph 48 are denied.  By way of further response, the transcript of the hearing, being in writing, speaks for itself.

49.     Denied.  Defendants deny the allegations in Paragraph 49 and further state that the transcript of Commissioner Marks's testimony at the hearing, being in writing, speaks for itself.

50.     Denied as stated.  The transcript of Commissioner Marks's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  By way of further response, the presentation by Commissioner Marks spanned several pages and included written testimony which further explains his remarks.

51.     Denied as stated.  The transcript of Commissioner Marks's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  By way of further response, the presentation by Commissioner Marks spanned several pages and included written testimony which further explains his remarks.

52.     Denied as stated.  The written testimony of Commissioner Marks at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  By way of further response, the written testimony states that the data referenced therein was preliminary and required validation before attesting to accuracy.

53.     Denied as stated.  The transcript of Commissioner Marks's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  By way of further response, the presentation by Commissioner Marks spanned several pages and included written testimony which further explains his remarks.

54.     Denied as stated.  The transcript of Commissioner Marks's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  By way of further response, the presentation by Commissioner Marks spanned several pages and included written testimony which further explains his remarks.

55.     Admitted in part and denied in part.  It is admitted only that the Senate State Government Committee and the State Transportation Committee held a hearing on December 12, 2017.  The transcript of the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

56.     Admitted in part and denied in part.  It is admitted only Plaintiff's President, J. Christian Adams, submitted written testimony at the hearing.  The testimony, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

57.     Admitted.

58.     Denied as stated.  The transcript of Acting Secretary Torres's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

59.     Denied as stated.  The transcript of Acting Secretary Torres's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

60.     Admitted.  By way of further response, the transcript of the testimony, being in writing, speaks for itself.

61.     Denied as stated.  The transcript of Commissioner Schmidt's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

62.     Admitted.

63.     Denied as stated.  The transcript of Commissioner Schmidt's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  By way of further response, the presence of an INS indicator in a driver's license record only serves to signify that a driver was a non-citizen at a single point in time and does not evidence that the driver did not later become eligible to vote.

64.     Denied as stated.  The transcript of Commissioner Schmidt's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

65.     Denied.  The transcript of Commissioner Schmidt's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The remaining allegations in Paragraph 65 are denied.

66.     Denied.  The transcript of Commissioner Schmidt's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The remaining allegations in Paragraph 66 are denied.

67.     Denied.  The transcript of Commissioner Schmidt's testimony at the hearing, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The remaining allegations in Paragraph 67 are denied.  By way of further response, the allegation in Paragraph 67 concerning a purported obligation to

17

produce records under the NVRA constitutes a conclusion of law to which no responsive pleading is required.

68.     Denied as stated.  The transcript of Commissioner Schmidt's testimony at the hearing and the written testimony which he presented at the hearing, being in writing, speak for themselves and Plaintiff's characterization thereof is denied.

69.     Denied as stated.  It is admitted only that Plaintiff sent a letter to Commissioner Marks dated October 23, 2017.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

70.     Denied.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The allegations in Paragraph 70 concerning purported obligations under the NVRA constitute conclusions of law to which no responsive pleading is required and are denied.

71.     Denied as stated.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

72.     Denied as stated.  The transcript of Commissioner Marks's testimony at the hearing and the written testimony which he presented at the hearing, being in writing, speak for themselves and Plaintiff's characterization thereof is denied.

73.     Denied as stated.  It is admitted only that a representative of Plaintiff appeared at the offices of the Bureau of Commissions, Elections and Legislation (as it was known at the time) on or about October 25, 2017.

74.     Denied.  Defendants deny the allegations in Paragraph 74 and further state that the suggestion that records were required to be made available constitutes a conclusion of law to which no responsive pleading is required.

75.     Admitted.  By way of further response, the response to Paragraph 74 is incorporated by reference as if set forth fully herein.

76.     Admitted.

77.     Admitted.  By way of further response, Plaintiff was not entitled to inspect the records requested in the October 23, 2017 letter.  The suggestion in Paragraph 77 that records were required to be made available constitutes a conclusion of law to which no responsive pleading is required.

78.     Denied as stated.  The letter dated October 30, 2017, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

79.     Denied as stated.  The letter dated October 30, 2017, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

80.     Denied as stated.  The email message dated October 30, 2017, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

81.     Admitted in part and denied in part.  It is admitted only that Defendants did not produce the requested records and there was no obligation to do so.  Defendants deny the remaining allegations in Paragraph 81 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

82.     Denied as stated.  It is admitted only that Plaintiff sent a letter to Commissioner Marks dated December 4, 2017.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

83.     Denied as stated.  It is admitted only that Plaintiff sent a letter to Commissioner Marks dated December 4, 2017.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

84.     Denied as stated.  It is admitted only that Kathleen Kotula, Deputy Chief Counsel, sent an email to Plaintiff dated December 5, 2017.  The email, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

85.     Admitted.  By way of further response, the email dated December 5, 2017 advised that the records would not be made available.

86.     Admitted

87.     Denied.  After reasonable investigation, Defendants lack knowledge
or information sufficient to form a belief as to when the December 5, 2017 email
was received and read by Plaintiff and therefore the allegations in Paragraph 87 are
denied.

88.     Admitted in part and denied in part.  It is admitted only that Plaintiff
was not permitted to review the requested records.  By way of further response,
Plaintiff had no right to review the requested records.  The remaining allegations in
Paragraph 88 concerning a purported "Noncitizen Matching Analysis" are denied.

89.     Denied as stated.  The letter dated December 20, 2017, being in
writing, speaks for itself and Plaintiff's characterization thereof is denied.

90.      Denied as stated.  The letter dated December 20, 2017, being in
writing, speaks for itself and Plaintiff's characterization thereof is denied.

91.     Denied as stated.  The letter dated December 20, 2017, being in
writing, speaks for itself and Plaintiff's characterization thereof is denied.

92.     Denied.  The allegations in Paragraph 92 constitute conclusions of law
to which no responsive pleading is required.

93.     Denied as stated.  The letter dated December 20, 2017, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

94.     Denied.  The allegations in Paragraph 94 constitute conclusions of law to which no responsive pleading is required.

95.     Denied.  Defendants deny the allegations in Paragraph 95 and further state that the suggestion that Defendants were obligated to produce records to Plaintiff constitutes a conclusion of law to which no responsive pleading is required.

96.     Denied.  The allegations in Paragraph 96 constitute conclusions of law to which no responsive pleading is required.

97.     Denied.  The allegations in Paragraph 97 constitute conclusions of law to which no responsive pleading is required.

98.     Denied as stated.  The letter to Commissioner Marks dated December 20, 2017, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

99.     Denied.  The letter to Commissioner Marks dated December 20, 2017, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

The remaining allegations in Paragraph 99 concerning a purported violation of the NVRA constitute conclusions of law to which no responsive pleading is required.

100.   Denied.  The letter to Commissioner Marks dated December 20, 2017, being in writing, speaks for itself and Plaintiff's characterization thereof is denied. The remaining allegations in Paragraph 100 concerning a purported violation of the NVRA constitute conclusions of law to which no responsive pleading is required.

101.   Admitted in part and denied in part.  It is admitted only that Plaintiff commenced an action on February 26, 2018.  Defendants deny the remaining allegations in Paragraph 101 and further state that allegations concerning the requirements of the NVRA constitute conclusions of law to which no responsive pleading is required.

102.   Denied.  Defendants deny the allegations in Paragraph 102 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.  By way of further response, Plaintiff is not seeking list maintenance records, but rather records relating to a privileged analysis of a software glitch which are not required to be made available for public inspection under the NVRA.

103.   Admitted in part and denied in part.  It is admitted only that the Department of State released a statement in April 2017.  The statement, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  It is denied that the statement is attached to the Complaint as Exhibit L.

104.   Denied as stated.  The statement, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

105.   Denied as stated.  The statement, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

106.   Denied.  The statement, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  The allegations in Paragraph 106 relating to an alleged duty to produce records under the NVRA constitute conclusions of law to which no responsive pleading is required and are denied.

107.   Admitted in part and denied in part.  It is admitted only that the Department of State and State Representative Daryl Metcalfe were involved in a dispute before the Pennsylvania Office of Open Records.  It is further admitted that, on June 2018, the Department of State mailed letters to 11,198 individuals for whom voter registration eligibility required further review.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  It is denied that the letter constitutes a list maintenance activity.  Defendants deny the

remaining allegations in Paragraph 107 and further state that the allegations concerning an alleged obligation to produce records under the NVRA constitute conclusions of law to which no responsive pleading is required.

108.   Admitted in part and denied in part.  It is admitted only that the Department of State has not made available for inspection the records requested by Plaintiff.  Defendants deny that Plaintiff is entitled to access those records and further state that the allegations in Paragraph 108 concerning an alleged obligation to produce records under the NVRA constitute conclusions of law to which no responsive pleading is required.

109.   Admitted.

110.   Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 concerning Plaintiff's beliefs and the allegations are denied.  The remaining allegations in Paragraph 110 constitute conclusions of law to which no responsive pleading is required.

111.   Denied as stated.  The Court's decision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

112.    Denied as stated.  The Court's decision, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

113.    Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 concerning what Plaintiff did following dismissal of the earlier action and the allegations are denied.

114.    Admitted in part and denied in part.  It is admitted only that a person later identified as a process server appeared at Secretary Boockvar's home.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114 and the allegations are denied.

115.    Admitted in part and denied in part.  It is admitted only that the person later identified as a process server was asked to leave the property out of concern for the safety of Secretary Boockvar and her family.  The remaining allegations in Paragraph 115 are denied.

116.    Admitted in part and denied in part.  It is admitted only that the process server's appearance at the Boockvar home was reported to the local police department because his conduct was deemed suspicious.  Defendants deny the remaining allegations in Paragraph 116 and further state that they lack knowledge

or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 concerning communications between the police officers and the person later identified as a process server.

117.   Denied as stated.  The letter dated March 7, 2019, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

118.   Admitted.

119.   Admitted in part and denied in part.  It is admitted only that a was sent on March 20, 2019.  The letter, being in writing, speaks for itself.  Defendants deny that the NVRA was violated and further assert that the allegation in Paragraph 119 concerning an alleged violation of the NVRA constitutes a conclusion of law to which no responsive pleading is required.

120.   Admitted in part and denied in part.  It is admitted only that the Defendants received a copy of the letter dated March 1, 2019 together with the referenced attachments.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  Defendants deny that the NVRA was violated and further assert that the allegation in Paragraph 120 concerning an alleged violation of the NVRA constitutes a conclusion of law to which no responsive pleading is required.

27

121.   Denied.  The March 1, 2019 letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.  Defendants deny that the NVRA was violated and further assert that the allegation in Paragraph 121 concerning an alleged violation of the NVRA constitutes a conclusion of law to which no responsive pleading is required.

122.   Denied as stated.  The March 20, 2019 email message from Mr. Gates, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

123.   Denied.  The allegations in Paragraph 123 constitute conclusions of law to which no responsive pleading is required and are denied.

124.   Admitted in part and denied in part.  It is admitted only that Secretary Boockvar received the documents referenced in the March 20, 2019 email message to Mr. Gates.  Defendants deny that the NVRA was violated and further assert that the allegation in Paragraph 124 concerning an alleged violation of the NVRA constitutes a conclusion of law to which no responsive pleading is required.

125.    Admitted in part and denied in part.  It is admitted only that Commissioner Marks received the documents referenced in the March 20, 2019 email message to Mr. Gates.  Defendants deny that there was a violation of the NVRA and further state that the allegations in Paragraph 125 concerning an

alleged violation constitute conclusions of law to which no responsive pleading is required.

126.   Admitted in part and denied in part.  It is admitted only that the letter dated April 9, 2019 was sent to Plaintiff.  The letter, being in writing, speaks for itself and Plaintiff's characterization thereof is denied.

127.   Admitted.

128.   Denied.  Defendants deny the allegations in Paragraph 128 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

129.   Denied.  Defendants deny the allegations in Paragraph 129 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

130.   Denied.  Defendants deny the allegations in Paragraph 130 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

131.   Denied.  Defendants deny the allegations in Paragraph 131 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

132.   Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132 concerning Plaintiff's mission or operations and the allegations are denied.

133.   Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 concerning Plaintiff's mission or operations and the allegations are denied.

134.   Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134 concerning Plaintiff's mission or operations and the allegations are denied.  Defendants deny that Plaintiff has a right to the requested records under the NVRA and further state that the suggestion in Paragraph 134 that Plaintiff had such a right constitutes a conclusion of law to which no responsive pleading is required.

135.   Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135 concerning Plaintiff's mission or operations and the allegations are denied.  Defendants deny that Plaintiff has a right to the requested records under

30

the NVRA and further state that this allegation constitutes a conclusion of law to which no responsive pleading is required.

136.   Denied.  Defendants deny the allegations in Paragraph 136 and further state that the allegations concerning a purported violation of the NVRA constitute conclusions of law to which no responsive pleading is required.

137.   Denied.  Defendants deny the allegations in Paragraph 137 and further state that the allegations concerning a purported violation of the NVRA constitute conclusions of law to which no responsive pleading is required.

138.   Denied.  Defendants deny the allegations in Paragraph 138 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

139.    Denied.  After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 and the allegations are denied.

140.   Denied.  Defendants deny the allegations in Paragraph 140 and further state that the allegations constitute conclusions of law to which no responsive pleading is required.

## COUNT I

141.   Paragraphs 1 through 140 of this Answer are incorporated by reference as if set forth fully herein.

142.   Denied.  The allegations in Paragraph 142 constitute conclusions of law to which no responsive pleading is required and are denied.

143.   Denied.  The allegations in Paragraph 143 constitute conclusions of law to which no responsive pleading is required and are denied.

144.   Denied.  The allegations in Paragraph 144 constitute conclusions of law to which no responsive pleading is required and are denied.

145.   Denied.  The allegations in Paragraph 145 constitute conclusions of law to which no responsive pleading is required and are denied.

146.   Denied.  The allegations in Paragraph 146 constitute conclusions of law to which no responsive pleading is required and are denied.

WHEREFORE, Defendants deny that the requested records are within the scope of the NVRA and request the entry of judgment in their favor, together with such other and further relief as the Court deems appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants assert the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state, in whole or in part, a claim under the NVRA upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The records requested by Plaintiff are not within the scope of the Disclosure Provision in the NVRA.

## THIRD AFFIRMATIVE DEFENSE

The records sought by Plaintiff are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine and/or another applicable privilege.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring a claim under the NVRA Disclosure Provision and is not a "person aggrieved" within the meaning of 52 U.S.C. § 20510(b).

## FIFTH AFFIRMATIVE DEFENSE

The records requested by Plaintiff are protected from disclosure by the Driver's Privacy Protection Act, 18 U.S.C. § 2721.

## SIXTH AFFIRMATIVE DEFENSE

The records requested by Plaintiff are protected from disclosure by Pennsylvania state law, including 75 Pa. C.S.A. § 6114(a).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for relief under the NVRA to the extent the records requested are not in the possession or control of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, by the provisions of the NVRA.

## NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses revealed in discovery or otherwise.

WHEREFORE, Defendants deny that the requested records are within the scope of the NVRA and request the entry of judgment in their favor, together with such other and further relief as the Court deems appropriate under the circumstances.

Respectfully submitted:

/s/ Daniel T Brier
Daniel T. Brier
Donna A. Walsh
Suzanne P. Conaboy

Counsel for Defendants, Kathy Boockvar and Jonathan M. Marks

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
(570) 342-6100

Dated: January 10, 2020

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that a true and correct copy of the foregoing

Answer and Affirmative Defenses was served upon the following counsel of record

via the Court's ECF system on this 10th day of January 2020:

> J. Christian Adams, Esquire
> Public Interest Legal Foundation, Inc.
> 1555 King Street, Suite 200
> Alexandria, VA  22314
>
> Noah H. Johnson, Esquire
> Public Interest Legal Foundation
> 32 E. Washington Street, Suite 1675
> Indianapolis, IN  46204
>
> Linda A. Kerns, Esquire
> Law Offices of Linda A. Kerns, LLC
> 1420Locust Street, Suite 200
> Philadelphia, PA  19102

/s/ Daniel T. Brier