Attorneys for Plaintiff

Linda A. Kerns
Law Offices of Linda A. Kerns, LLC

J. Christian Adams
Noel H. Johnson
Public Interest Legal Foundation, Inc.

Attorneys for Defendants

Daniel T. Brier
Donna A. Walsh
MYERS, BRIER & KELLY, LLP
Suite 200, 425 Spruce Street
Scranton, PA  18503

**United States District Court**
**Middle District of Pennsylvania**
**Harrisburg Division**

| | |
|---|---|
| **The PUBLIC INTEREST LEGAL FOUNDATION**<br><br>*Plaintiff*,<br>v.<br><br>**KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, and the BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION,**<br><br>*Defendants*. | **Civil Action No. 1:19-CV-622**<br><br>(Chief Judge Conner) |

**JOINT CASE MANAGEMENT PLAN**

1. **Principal Issues**

    **1.1    Separately for each party, please give a statement summarizing this case**:

By Plaintiff Public Interest Legal Foundation:

Defendants possess records related to voter roll list maintenance that Plaintiff has requested and that Defendants are refusing to provide. Furthermore, Defendants admitted that such voter list maintenance records exist. For example, Defendants stated publicly, and the press reported, that efforts are underway to remedy longstanding problems with noncitizens who have registered to vote and have been voting in Pennsylvania elections. Additionally, Defendants stated publicly, and the press reported, that their offices and/or agents have undertaken list maintenance activities related to keeping the voter rolls accurate. This action is about the Foundation's right under federal law to inspect and photocopy records related to Defendants' voter roll list maintenance activities.

The National Voter Registration Act of 1993 (NVRA) provides that "[e]ach State shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. § 20507(i)(1) (the "Public Inspection Provision).

Pursuant to the NVRA's Public Inspection Provision, Plaintiff Public Interest Legal Foundation (the "Foundation") requested in writing that Defendants reproduce or provide the opportunity to inspect records concerning Defendants' programs and activities related to the registration and cancellation of noncitizens in Pennsylvania. Defendants repeatedly denied the Foundation's records request and have not allowed the Foundation to inspect the requested records.

The Foundation seeks an order compelling Defendants to allow inspection of or produce copies of the requested records.

By Defendants:

Through this action, Plaintiff Public Interest Legal Foundation ("Foundation") seeks to access driver license and other records for its use in investigating whether non-citizens ever voted. The premise underlying the Foundation's Complaint is flawed. The National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i), does not create a broad right of access to *any* state records that might be used to investigate whether particular individuals are eligible to vote or whether non-citizen ever voted. In Pennsylvania, list maintenance activities are regulated by state law, 25 Pa. C.S.A. § 1901, and consist of programs to purge the voter rolls of the names of persons who have died or changed residence.

The information that the Foundation is seeking does not relate to list maintenance programs, but rather to a privileged investigation of a software glitch (resolved in 2017) in the PennDOT motor voter registration system that allowed non-citizens to inadvertently register to vote. The privileged analysis was conducted by counsel retained by the Department of State, not state

2

officials, and did not result in any unilateral cancellation of voter registrations by the Department of State or its officials.  The allegations in the Complaint in this action do not accurately describe the records, how they were created or their effect and those privileged records are not within the scope of the NVRA public disclosure provision.  Moreover, as the Court determined in the Memorandum and Order issued on December 13, 2019, the Commonwealth is affirmatively barred by federal law from disclosing the driver license records and derivative compilations thereof that the Foundation seeks.  The Court ruled: "The glitch-related records and derivative lists created during the Commonwealth's investigation are protected by the [Driver's Privacy Protection Act] to the extent they include personal information obtained by the DMV in connection with a motor vehicle record."  Mem. at 17.  Moreover, the records sought by PILF relate to an investigation conducted by counsel retained by the Department of State and are also protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Further, Defendants respectfully submit that this matter should be stayed pending disposition of their motion for certification of the issue in Section III.A of the Court's December 13, 2019 Memorandum and Order pursuant to 28 U.S.C. § 1292(b).

### 1.2    The facts the parties dispute are as follows:

1. Whether Defendants are conducting "programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters" with respect to registrants who are or might be ineligible for reasons related to non-United States citizenship.
2. Whether, on October 23, 2017, the Foundation submitted a written request to Defendant Marks, asking to inspect or receive copies of alleged list maintenance records related to the registration and cancellation of noncitizens in Pennsylvania (the "Records Request")[1].
3. Whether the records sought by the Foundation constitute list maintenance records.
4. Whether the Foundation's Records Request for alleged list maintenance records was made pursuant to the NVRA. 52 U.S.C. § 20507(i).
5. Whether Defendants and/or their agents have and/or are conducting activities to investigate and remedy registration and voting by noncitizens in Pennsylvania.
6. Whether Defendants have identified at least 1,160 alleged list maintenance records that indicate a registrant self-reported and cancelled their registration because they were not a U.S. citizen. Whether list maintenance records exist pertaining to at least 248 alien registrants who were allegedly found to have voted at least 1 time before cancellation.
7. Whether Defendants have mailed list maintenance letters to at least 7,702 registered voters to ascertain whether the recipients have the necessary citizenship qualifications for registration and voting in Pennsylvania.
8. Whether the Foundation's Records Request included records related to list maintenance activities.
9. Whether Defendants denied the Foundation's Records Request and have not permitted inspection or photocopying of the requested alleged list maintenance records.
10. Whether Defendants are custodians of or in possession of the records sought by the

---

[1] The entire scope of the Foundation's Records Request is available at Exhibits H and I to the Complaint. (Dkts. 1-9, 1-10.)

Foundation.

**The facts the parties <u>agree</u> upon are as follows:**

1. Defendant Boockvar is the Secretary of the Commonwealth of Pennsylvania.
2. Defendant Jonathan M. Marks is the Deputy Secretary for Elections and Commissions.
3. Defendants denied the Foundation's Records Request and have not permitted inspection or photocopying of the records requested by the Foundation in the Records Request attached to the Complaint as Exhibits H and I.

**1.3** **The legal issues the parties <u>dispute</u> are as follows:**

1. The Foundation disputes that the federal Driver's Privacy Protection Act, 18 U.S.C. § 2721, requires Defendants to deny the Foundation's request to inspect records under the National Voter Registration Act, 52 U.S.C. § 20507(i)(1).
2. The Foundation disputes that Pennsylvania law, 75 Pa. C.S.A. § 6114(a), requires Defendants to deny the Foundation's request to inspect records under the National Voter Registration Act, 52 U.S.C. § 20507(i)(1).
3. The Foundation disputes that Pennsylvania's list maintenance programs are set forth in 25 Pa. C.S.A. § 1901.
4. Whether the records sought by the Foundation are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine and/or any other applicable privilege.
5. Whether the records sought by the Foundation constitute list maintenance records required to be maintained and made publicly available under federal or state law.
6. Whether any of the records sought by the Foundation are outside the scope of the Driver's Privacy Protection Act, 18 U.S.C. § 2721, and/or Pennsylvania state law, 75 Pa. C.S.A. § 6144(a).
7. Whether the records sought by the Foundation are protected from disclosure because they constitute confidential personal information and/or include information that is sensitive and/or vulnerable to abuse.

**The legal issues the parties <u>agree upon</u> are as follows:**

None.

**1.4** **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None.

**1.5** **Identify any named parties that have not yet been served**:

None.

**1.6     Identify any additional parties that:**

Plaintiff intends to join: Plaintiffs may join, if necessary, agents of the Defendants in possession or control of the requested records.

Defendants intends to join: None at this time.

**1.7     Identify any additional claims that:**

Plaintiff intends to add: None.

Defendants intends to add: None at this time.

**2.0     Disclosures**

Unless otherwise ordered by the Court, the undersigned counsel agree that the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) will be made no later than:

**March 3, 2020**

**3.0     Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

| Nature of Motion | Moving Party | Anticipated Filing Date |
| --- | --- | --- |
| Motion for Certification Under 28 U.S.C. § 1292(b) | Defendants | Pending |
| Motion for Stay Pending Disposition of Motion for Certification Under 28 U.S.C. § 1292(b) | Defendants | Pending |
| Motion for Summary Judgment | Both Parties | September 4, 2020 |

**4.0     Discovery**

**4.1     Briefly describe any discovery that has been completed or is in progress:**

None.

    **4.2** **Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

None.

    **4.3** **Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

**Plaintiff proposes to conduct the following discovery:**

1. Plaintiff will serve requests for production of documents, requests for admission, and/or interrogatories on Defendants to ascertain the existence and scope of (a) Defendants' relevant list maintenance programs and activities; (b) records responsive to the Plaintiff's Records Request; and, (c) other relevant matters.

2. Plaintiff will depose Defendant Boockvar to ascertain the existence and scope of (a) Defendants' relevant list maintenance programs and activities; (b) records responsive to the Plaintiff's Records Request; and, (c) other relevant matters.

3. Plaintiff will depose Defendant Marks to ascertain the existence and scope of (a) Defendants' relevant list maintenance programs and activities; (b) records responsive to the Plaintiff's Records Request; and, (c) other relevant matters.

4. Plaintiff will serve requests for production of documents on and/or depose third parties who aided or assisted Defendants' relevant list maintenance programs and activities, or who have knowledge of the same.

5. Plaintiff reserves the right to conduct other discovery as additional witnesses and relevant issues are identified throughout the litigation.

Defendants propose to conduct the following discovery:

    Defendants will serve written discovery requests, including interrogatories, document requests and requests for admission, to obtain relevant information concerning the Foundation, its mission, its planned use for the requested records, the basis for its requests for information, and allegations and findings in other federal litigation matters involving the Foundation and requests for information relating to potential non-citizens. Defendants will also depose Foundation personnel and, if necessary, third party witnesses concerning these same subjects. Finally, Defendants will seek relevant information from third parties by way of subpoenas. Defendants reserve the right to serve or take any additional appropriate discovery.

**4.4 Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:**

**4.5 For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

    4.5.1   depositions (excluding experts) to be taken by:

        <u>Neither party will exceed 10 depositions per Federal Rule of Civil Procedure 30.</u>

    4.5.2   interrogatories to be served by:

        Plaintiff(s): <u> 25 per party Federal Rule of Civil Procedure 33    </u>
        Defendant(s): <u>  25   </u>

    4.5.3   document production requests to be served by:

        <u>30 per party</u>

    4.5.4   requests for admission to be served by:

        <u>25 per party</u>

**4.6 Discovery of Electronically Stored Information**

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

**5.0 Protective Order**

    5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

The parties reserve the right to seek protective orders as the need arises throughout the litigation.

**6.0 Scheduling**

Plaintiff proposes that the following deadlines should apply:

6.1 Final date for joining additional parties:

<u>60 days after case management conference</u>

6.2 Final date for amending pleadings:

<u>60 days after case management conference</u>

6.3 All fact discovery commenced in time to be completed by:

<u>July 31, 2020</u>

6.4 All potentially dispositive motions should be filed by:

<u>September 4, 2020</u>

6.5 Reports from retained experts due:
From Plaintiff by <u>September 4, 2020</u>
From Defendants by <u>October 5, 2020</u>

6.6 Supplementations due:

<u>October 19, 2020</u>

6.7 All expert discovery commenced in time to be completed by <u>December 31, 2020</u>.

6.8 This case may be appropriate for trial in approximately: February 2021

6.9 Suggested Date for the final Pretrial Conference:

<u>January 20, 2021</u>

6.10   Trial:

<u>February 2021</u>

**7.0   Certification of Settlement Authority**

The parties hereby certify that the following individual(s) have settlement authority.

For Plaintiff:

J. Christian Adams
32 E. Washington St.
Ste. 1675
Indianapolis, IN 46204

For Defendants:

Timothy E. Gates, Esquire
Chief Counsel
Department of State
Commonwealth of Pennsylvania
306 North Office Building, 401 North Street
Harrisburg, PA  17120

**8.0   Alternative Dispute Resolution ("ADR")**

8.1   Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

The parties presently agree that ADR is inappropriate for this action. Should that view change, the parties will promptly notify the Court.

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Neither party consents to jurisdiction by a Magistrate Judge.

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Defendants' motion to certify the threshold legal issue in this matter for interlocutory appeal under 28 U.S.C. § 1292(b) is fully briefed and pending before the Court.  Also pending is Defendants' motion for a brief stay of proceedings pending disposition of Defendants' motion

for certification.  Defendants propose that the Court defer issuance of a scheduling order pending disposition of the motion for stay and motion for certification.

**11.0	Identification of Counsel**

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: February 20, 2020

J. Christian Adams
32 E. Washington St.
Ste. 1675
Indianapolis, IN 46204
*Admitted Pro Hac Vice*
*ECF User*
*Corporate Disclosure Statement Filed*

Daniel T. Brier
Donna A. Walsh
Myers, Brier & Kelly, LLP
Suite 200, 425 Spruce Street
Scranton, PA  18503
(570) 342-6100
ECF User



Dated: February 20, 2020

  /s/ Linda A. Kerns_____
Linda A. Kerns, Esquire
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200 Philadelphia, PA 19102
PA Atty ID 84495
Tel: (215) 731-1400 Fax: (215) 701-4154
linda@lindakernslaw.com

J. Christian Adams (Va. Bar # 42543)*
Noel H. Johnson (Wis. Bar # 1068004)*
Attorneys for Public Interest Legal Foundation
32 E. Washington St. Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
adams@PublicInterestLegal.org
njohnson@PublicInterestLegal.org
*Admitted Pro Hac Vice
Counsel for Plaintiff


  /s/ Donna A. Walsh (*with permission*)
Daniel T. Brier
Donna A. Walsh
Counsel for Defendants
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100
Counsel for Defendants