**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THE PUBLIC INTEREST LEGAL FOUNDATION,** | : | **CIVIL ACTION NO. 1:19-CV-00622** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **KATHY BOOCKVAR**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## CASE MANAGEMENT ORDER

1.    **COUNSEL AND <u>PRO SE</u> LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER**.    For the convenience of counsel, a schedule of important dates follows, however, details regarding said dates/deadlines are contained in the body of this order:

| | |
|---|---|
| Jury Selection/Trial Date | February 1, 2021at 9:30 a.m. |
| Fact Discovery Deadline | July 31, 2020 |
| Dispositive Motions & Supporting Briefs | September 4, 2020 |
| Motions in Limine & Supporting Briefs | December 3, 2020 |
| Final Pretrial Conference | January 21, 2021 at 10:00 a.m. |
| Pretrial Memoranda | January 13, 2021 by 12:00 p.m. |
| Affirmative Expert Report(s) | September 4, 2021 |
| Responsive Expert Report(s) | October 5, 2021 |
| Supplemental/Rebuttal Expert Report(s) | October 19, 2021 |
| Proposed Voir Dire Questions | January 20, 2021 |
| Proposed Jury Instructions | January 20, 2021 |

2.    Counsel are encouraged to consent to the disposition of this case by the United States magistrate judge pursuant to 28 U.S.C. § 636(c).

3.    The captioned case is placed on the **<u>February 2021</u>** trial list.  Jury selection for trials on the **<u>February 2021</u>** list will commence at **<u>9:30 a.m. on Monday, February 1, 2021</u>**, in Courtroom No. 2, Ninth Floor, Federal Building, Third and

Walnut Streets, Harrisburg, Pennsylvania. COUNSEL ARE ATTACHED FOR TRIAL. Trials will commence following the completion of jury selections. Counsel should note that criminal matters take priority and may delay the beginning of the civil trial list.

4.　　　The court issues this order pursuant to Rule 16 of the Federal Rules of Civil Procedure.　The views of counsel of all represented parties, as to how and on what schedule pretrial matters should be conducted, have been solicited at the scheduling conference.　Counsel shall not mutually agree to extend any time periods covered by this order, the local rules, or the Federal Rules of Civil Procedure without the approval of the court.　**Requests for extensions of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5.  All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. § 473(b)(3).  Furthermore, all requests for extensions of the discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period.   The court will entertain a conference call, if agreed upon by counsel, to resolve time periods and discovery issues**.

5.　　　DISCOVERY:

(a) Counsel shall not cease active discovery pending disposition of a motion to dismiss.

(b) All fact discovery (expert witness discovery dates noted below) shall be completed by **July 31, 2020,** the parties expeditiously and diligently. In the event that discovery disputes arise and are not resolved after counsel attempt in good faith to do so, the matter shall be brought before the court by way of a telephone conference rather than through the filing of formal motions. When a discovery dispute arises, counsel shall file a letter to the docket requesting a telephonic discovery conference and outlining the nature of the discovery dispute.

(c) Affirmative expert report(s) shall be due on or before **September 4, 2020.**

(d) Responsive expert report(s) shall be due on or before **October 5, 2020.**

(e) Supplemental/Rebuttal expert witness reports shall be due on or before **October 19, 2020.**

6.    MOTIONS:

(a) Dispositive motions <u>and</u> supporting briefs must be filed by **September 4, 2020**.  If both a dispositive motion <u>and</u> its supporting brief are not filed on or before the aforementioned deadline, the motion will not be accepted, absent prior leave of court.    Briefs in support, in opposition and in reply to summary judgment motions may be up to fifteen (15) pages in length, pursuant to Middle District Local Rules.    In multiple defendant cases, any

defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible. Those parties needing to brief separate issues may do so by filing separate briefs. Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

(b) Motions <u>in limine</u> **and** supporting briefs shall be filed no later than **<u>December 3, 2020</u>**. Motions to exclude expert testimony, which require a <u>Daubert</u> hearing, shall be filed no later than thirty (30) days from receipt of the expert report.

7.    PRE-TRIAL MATTERS:

(a) A final pretrial conference will be held on **<u>January 21, 2021, at 10:00 a.m.,</u>** in Jury Room No. 2, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.   **<u>Counsel as well as litigants must be present at this conference in order to have effective settlement discussions</u>**.

(b) Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

(c) On or before **<u>12:00 p.m. on January 13, 2021</u>**, each party shall file a pretrial memorandum in conformity with the local rules. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed. R. Civ. P.  16(f).

(d) Proposed voir dire questions shall be due on or before

**January 20, 2021.**

(e) Proposed jury instructions shall be due on or before **January 20, 2021.**

(f) In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement. Subsequent to that meeting, counsel shall notify this court if they would like the assistance of the United States magistrate judge in conducting a formal settlement conference.

(g) **THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3**.   This conference shall be face-to-face unless the court, upon written request, approves another arrangement.   Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

(h) Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2.

(i) At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made.   Counsel for the defendant shall be required to identify any legal defenses he/she expects to make.   It should be noted that the court expects to hold counsel for both sides to the course they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprised of these additional legal theories, claims and/or defenses in sufficient time to consider and evaluate them before trial.

(j) No later than the pretrial conference counsel shall notify the court if they wish to employ the summary jury trial procedure.

8.      Pro se litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 920, Federal Building, Harrisburg, PA 17108. In all other cases, courtesy copies are discouraged unless requested by the court or when the filing is voluminous.

9.      If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial.   If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn.  If the

depositions to be used are videotaped, a transcript must be provided to the court in advance of trial.

10.     Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

11.     Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

12.     Prior to the commencement of trial, counsel shall submit three (3) complete exhibit lists (see attached form) and three (3) complete sets of exhibits for the court's use.   The parties shall retain the original exhibits to be offered into evidence at trial.

13.     Should counsel wish to have the JERS (Jury Evidence Recording System) utilized for the presentation of admitted exhibits to the jury during deliberations, counsel must submit complete and properly formatted discs containing said exhibits to the courtroom deputy five (5) business days prior to jury selection.

*Pre-Trial Memo forms available on our website: **http://www.pamd.uscourts.gov**

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      March 11, 2020

Chambers - Phone (717) 221-3945; Fax (717) 221-3949
Judge Conner's Courtroom Deputy – Phone (717) 221-3931

**<u>EXHIBIT LIST</u>** **Page ___ of ____**

**Case Name:**

_____

**Case Number:**_____

| Plaintiff | Defendant | Description of Item | Identified | Ruling | Evidence | Witness |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |