# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | |
| Plaintiff, | : | |
| v. | : | NO. 1:19-CV-622 |
| KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, | : | JUDGE CONNER |
| | : | ELECTRONICALLY FILED |
| Defendants. | : | |

## DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56.1 of the Local Rules of Court for the Middle District of Pennsylvania, Defendants Acting Secretary of the Commonwealth Veronica Degraffenreid [1] and Jonathan M. Marks, by and through their undersigned counsel, submit the following as their statement of undisputed material facts in support of their Motion for Summary Judgment in the above captioned matter:

---

[1] The Complaint in this matter names Kathy Boockvar as a defendant in her (then) official capacity as Acting Secretary of the Commonwealth of Pennsylvania (she was later named Secretary of the Commonwealth). Compl. (ECF No. 1) ¶ 6. Secretary Boockvar resigned from office on February 5, 2021. Acting Secretary Veronica Degraffenreid was appointed on February 8, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary Degraffenreid is "automatically substituted as a party."

1.      By means of letters dated October 23, 2017 and December 4, 2017, which were resubmitted on March 20, 2019, Plaintiff Public Interest Legal Foundation ("PILF") requested access to four categories of records pursuant to the public disclosure provision in the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i)(1).  *See* Compl. ¶ 119 & Exs. H, I, N, O.

2.      The first category of records sought by PILF are records relating to comparison of the SURE database with the PennDOT driver license database.  *See* Oct. 23, 2017 and Dec. 4, 2017 Letters (attached to Compl. as Exs. H & I).

3.      By Memorandum and Order dated December 13, 2019, this Court ruled that the records requested by PILF are protected from disclosure and not required to be disclosed to the extent such records include personal information obtained from PennDOT in connection with a motor vehicle record.  *See Public Interest Legal Found. v. Boockvar*, 431 F. Supp. 3d 553, 563 (M.D. Pa. 2019).

4.      The Department of State provided PILF with copies of letters sent to registrants in 2018 advising them of the Motor Voter software issue and asking them to affirm their eligibility to vote or submit a request to cancel their registration, press statements and other communications concerning the letters, summary data concerning the letters and responses and related communications with county election officials.  *See* Marks Decl. ¶ 29; *see also* Summary Chart attached to Defs.' Supp. Mem. as Exhibit D.

5. Other than information derived from protected driver license records, the Department of State received no documents within the relevant period from any official government source identifying potential non-citizens on the voting roll and has no other non-privileged documents responsive to the first category request in PILF's letters. *See* Marks Decl. ¶ 30.

6. The second category of documents sought by PILF are documents and records of communication received or maintained by DOS from registered voters or their representatives requesting cancellation from the voter roll due to non-citizenship and list maintenance relating thereto. *See* Oct. 23, 2017 and Dec. 4, 2017 Letters (attached to Compl. as Exs. H & I).

7. The Department of State provided PILF with copies of records received from county election officials relating to requests directed to and maintained by county election officials from registrants or their agents requesting cancelation of voter registration due to non-citizenship. *See* Marks Decl. ¶ 33.

8. The Department of State also produced a redacted list of 1,160 persons who apparently self-reported and cancelled their registration because they were not citizens. *See* Marks Decl. ¶ 34; *see also* Summary Chart.

9. The third category of records sought by PILF are communications with jury selection officials relating to individuals who claimed to be non-U.S. citizens when attempting to avoid serving on jury duty and maintenance actions

taken as a result. *See* Oct. 23, 2017 and Dec. 4, 2017 Letters (attached to Compl. as Exs. H & I).

10. The Department of State occasionally receives letters from jury officials identifying persons who were summoned for jury duty and who asked to be excused because they were not citizens. When the Department receives such letters, they are forwarded to the respective county to take appropriate action. *See* Marks Decl. ¶¶ 37-38.

11. The Department of State did not locate any letters from jury officials during the relevant period. *See* Marks Decl. ¶ 40.

12. PILF's fourth request for records relates to communications with prosecutors and law enforcement agencies concerning voting by non-citizens. *See* Oct. 23, 2017 and Dec. 4, 2017 Letters (attached to Compl. as Exs. H & I).

13. The Department of State has not communicated with federal or state prosecutors concerning any individual who was identified as a non-citizen or who sought to cancel his or her registration based on non-citizenship. The Department

no has no records to produce in response to the fourth category.  *See* Marks Decl. ¶¶ 42-43.

                Respectfully submitted,

                /s/ Donna A. Walsh
                Daniel T. Brier
                Donna A. Walsh

                Counsel for Defendants,
                Acting Secretary of the Commonwealth
                Veronica Degraffenreid and Deputy
                Secretary for Elections and
                Commissions Jonathan M. Marks

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA  18503
570-342-6100

Date:  May 3, 2021

## **CERTIFICATE OF SERVICE**

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Statement of Undisputed Material Facts in Support of Motion for Summary Judgment was served upon the following counsel of record via the Court's ECF system on this 3rd day of May 2021:

    Kaylan Phillips, Esquire
    Noel H. Johnson, Esquire
    Public Interest Legal Foundation
    32 E. Washington Street, Suite 1675
    Indianapolis, IN  46204

    Linda A. Kerns, Esquire
    Law Offices of Linda A. Kerns, LLC
    1420 Locust Street, Suite 200
    Philadelphia, PA  19102

    /s/ Donna A. Walsh
    Donna A. Walsh