United States District Court
Middle District of Pennsylvania
Harrisburg Division

| | |
|---|---|
| **The PUBLIC INTEREST LEGAL FOUNDATION,**<br><br>*Plaintiff,*<br><br>v.<br><br>**KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, and the BUREAU OF COMMISSIONS, ELECTIONS AND LEGISLATION,**<br><br>*Defendants.* | No. 1:19-cv-00622-CCC |

**Affidavit of Logan Churchwell**
**in Support of Plaintiff's Motion for Summary Judgment**

I, Logan Churchwell, make the following declaration from personal knowledge pursuant to 28 U.S.C. § 1746:

1. I am a resident of the State of Oklahoma.

2. I am Director of Research and Original Content for the Public Interest Legal Foundation ("Foundation"), the plaintiff in the above-captioned action.

3. The Foundation is a non-partisan, public interest organization headquartered in Indianapolis, Indiana. The Foundation promotes the integrity of elections nationwide as part of its mission. The Foundation does this, in part, by

1

using state and federal open records laws (*e.g.*, the Public Disclosure Provision) to study and analyze the voter list maintenance activities of state of local governments. Where necessary, the Foundation also takes legal action to compel compliance with state and federal voter list maintenance laws. The Foundation has dedicated significant time and resources to ensure that voter rolls in the Commonwealth of Pennsylvania, and other jurisdictions throughout the United States, are free from ineligible registrants, including, deceased individuals, foreign nationals, individuals who are no longer residents, and individuals who are simultaneously registered in more than one jurisdiction. The Foundation has filed multiple lawsuits in the Commonwealth of Pennsylvania in furtherance of its election integrity goals. *See*, *e.g.*, *Public Interest Legal Foundation v. Boockvar*, Civ. No. 1:20-cv-1905 (M.D. Pa.) and *Public Interest Legal Foundation v. Voye*, Civ. No. 2:20-cv-00279 (W.D. Pa.).

4. The Foundation has received voter list maintenance records concerning non-United States citizens from officials in the Commonwealth of Pennsylvania.

5. On or around October 23, 2017, the Foundation sent to Defendant Marks and Defendant Marks the letter filed in this case as Docket Entry 1-9 (hereafter, the "Request Letter"). Exhibit A at 25:12-15.

6. Pursuant to Section 8(i)(1) of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507(i)(1) (hereafter, the "Public Disclosure Provision"), the Foundation's Request Letter sought to inspect or receive four (4) categories of records. Doc 1-9.

7. The Department of State did not produce any of the Requested Records in response to the Request Letter. Exhibit A at 25:23-25.

8. On October 25, 2017, a representative of the Foundation, visited the Pennsylvania Department of State's Bureau of Commissions, Elections and Legislation to inspect the requested records. Doc. 1 at 22.

9. An office employee informed the Foundation's representative that Records Letter had been received, but that the requested records were not available for inspection. *See* Doc. 1 at 22.

10. The Department of State did not permit inspection of the requested records during the Foundation's October 25, 2017 visit. *See* Doc. 1 at 22.

11. On or around December 4, 2017, the Foundation sent to Defendant Marks and Ms. Fuhrman and Defendant Marks and Ms. Fuhrman received the letter filed in this case as Docket Entry 1-10 (hereafter, the "Follow-up Letter"). Exhibit A at 29:1-30:5.

12. On December 6, 2017, a Foundation representative again visited the office of the Pennsylvania Department of State's Bureau of Commissions, Elections and Legislation to inspect the Requested Records. *See* Doc. 1 at 24.

13. The Department of State did not permit inspection of the Requested Records during the Foundation's December 6, 2017 visit. *See* Doc. 1 at 24.

14. On or around December 20, 2017, Kathleen Kotula, Deputy Chief Counsel for the Department of State, emailed to the Foundation a letter and the Foundation received the letter filed in this case as Docket Entry 1-11 (hereafter, the "Denial Letter"). *See* Doc. 1 at 25.

15. The Denial Letter provided, "[T]he Department does not agree that the NVRA entitles you to access the records you seek." Doc. 1-11 at 1.

16. On or around March 20, 2019 the Foundation served on Defendants Boockvar and Marks—through and with consent of their counsel, Mr. Gates—written notice of alleged NVRA violations, which is filed in this case as Docket Entry 1-16 (hereafter, the "NVRA Notice Letter"). *See* Doc. 1 at 32.

17. On March 20, 2019, in an email to the Foundation's counsel, Mr. Gates acknowledged receipt of the NVRA Notice Letter on the Defendants' behalf and confirmed that he provided the NVRA Notice Letter to Defendants Boockvar and Marks. Mr. Gates stated the following in his email: "Thank you for sending the attached notice of violations of the NVRA to my attention today. I have this day,

March 20, 2019 provided the attached notice to my clients Kathryn Boockvar and Jonathan Marks." Doc. 1-17.

18.  On or around April 9, 2019, the Department of State sent, and the Foundation received the letter filed in this case as Docket Entry 1-18 (hereafter, the "NVRA Denial Letter").

19.  The NVRA Denial Letter provided, "[T]he Department does not agree that the NVRA entitles you to access the records you described." Doc. 1-18.

20.  The Foundation received no further correspondence from the Defendants, their counsel, or anyone else at the Pennsylvania Department of State. *See* Doc. 1 at 33.

21.  The Secretary did not cure her violation of the NVRA in the time afforded by the NVRA. *See* Doc. 1 at 36.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

Dated: May 3, 2021.                              Respectfully submitted,

                                                 _____
                                                 Logan Churchwell