# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 1:19-CV-00622 |
| | : | |
| KATHY BOOCKVAR, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions. | : | JUDGE CONNER |
| | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.**[1] | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO REPUBLICAN NATIONAL COMMITTEE'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

More than three months after briefing on the cross-motions for summary

judgment was complete, the Republican National Committee ("RNC") seeks leave

to file an *amicus* brief in support of Plaintiff Public Interest Legal Foundation's

---

[1] The Complaint in this matter names Kathy Boockvar as a defendant in her (then) official capacity as Acting Secretary of the Commonwealth of Pennsylvania (she was later named Secretary of the Commonwealth). Compl. (ECF 1) ¶ 6. Secretary Boockvar resigned from office on February 5, 2021. Acting Secretary Veronica Degraffenreid was appointed on February 8, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Acting Secretary Degraffenreid is "automatically substituted as a party."

("PILF") motion.  The RNC has not satisfied any of the criteria relevant in

considering whether to permit participation as *amicus curiae* and therefore its

motion should be denied.[2]

A district court's decision to accept or reject an *amicus* filing is entirely

within the court's discretion.  *In re Nazi Era Cases Against German Defs.' Litig.*,

153 F. Appx. 819, 827 (3d Cir. 2005).  District courts may permit third parties to

appear in court as *amicus curiae* where they "can contribute to the court's

understanding" of the issues being presented to the court.  *Harris v. Pernsley*, 820

F.2d 592, 603 (3d Cir. 1987).  The aid of *amicus curiae* at the trial level may be

"less appropriate" than at the appellate level.  *Feesers, Inc. v. Michael Foods, Inc.*,

No. 1:CV-04-0576, 2006 WL 8448763, at \*2 (M.D. Pa. Mar. 21, 2006).  Factors

relevant in deciding whether to grant *amicus* status include:  (1) whether the

petitioner has a "special interest" in the particular case; (2) whether petitioner's

interest in not represented competently or at all in the case; (3) whether the

proffered information is timely and useful; and (4) whether or not petitioner is

---

[2] The RNC filed its motion with its proposed *amicus* brief as an attachment on September 22, 2021 (ECF 78) and its supporting brief on September 24, 2021 (ECF 79), making Defendants' opposition brief due on October 8, 2021 pursuant to Local Rule 7.6.

partial to a particular outcome in the case.  *Sciotto v. Marple Newtown Sch. Dist.*,

70 F. Supp. 2d 553, 554 (E.D. Pa. 1999) (citations omitted)[3].

The RNC does not satisfy any of the relevant criteria.

First, the RNC has not demonstrated that it has a special interest in the

subject matter of this litigation.  The RNC plays no role in administering or

enforcing the National Voter Registration Act (NVRA), 52 U.S.C. § 20507(i), does

not claim any particular insight or experience in matters involving the NVRA and

does not claim any particular interest in the outcome of this litigation.  At best,

RNC claims a generalized interest in elections, *see* Br. in Supp. of Mot. for Leave

at 2 (ECF 79), but this is not the kind of interest that warrants *amicus* status.  *See*

*generally Sciotto*, 70 F. Supp. 2d at 555 (trade association's "generalized interest"

in matters relating to school district liability and insurance "not the kind of special

interest that warrants amicus status").[4]

---

  [3]  Pursuant to Middle District Local Rule 7.8(a), copies of the unpublished
opinions cited herein are reproduced in the attached Appendix.

  [4]  As noted in *Sciotto*, the cases cited by the RNC are easily distinguished in
that the proposed *amici* in those cases had a particularized interest in the subject
matter of the litigation.  *See*, *e.g.*, *Waste Mgmt. of Pa., Inc. v. City of York*, 162
F.R.D. 34, 36 (M.D. Pa. 1995) (EPA granted *amicus* status because it issued
administrative order at issue in case and enforces statute at issue); *Yip v. Pagano*,
606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3d Cir. 1986)
(leadership group of members of House of Representatives granted *amicus* status
in defamation action based on statements made in House of Representatives
because they were concerned with privileged nature of congressional testimony).
The RNC alleges no such particularized interest here.

Second, the RNC does not show—or ever assert—that its general interest is not adequately represented. There is no need for *amicus* status. *See Abu-Jamal v. Horn*, No. 99-5089, 2000 WL 1100784, at *3-4 (E.D. Pa. Aug. 7, 2000) (denying leave to file *amicus* briefs as unnecessary where party's interests were already adequately represented).

Third, the RNC's brief is neither timely nor useful. As noted above, briefing on the cross-motions for summary judgment concluded more than three months ago. Allowing the RNC to file an additional brief at this late date would severely prejudice the Defendants in that they will have no opportunity to respond to the arguments and assertions advanced by the RNC. The late submission alone justifies denial of *amicus* status. Further, the RNC fails to particularize how its arguments might aid the Court's consideration of the pending motions.

Fourth, the RNC is partial to a particular outcome. The RNC does not attempt to portray itself as a neutral or impartial observer. *See generally Sciotto*, 70 F. Supp. 2d at 554 (describing role of "friend of the court" as "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another"). Rather, the RNC's proposed brief is a thinly veiled sur-reply in support

of PILF's motion. As in *Sciotto*, the RNC is better characterized as "friend" of a party, rather than "friend of the court."

For these reasons, the RNC has not satisfied the criteria for participation as *amicus* curiae and its motion should be denied. Alternatively, if the Court is inclined to allow the RNC to file an *amicus* brief after briefing on the motions for summary judgment has concluded, Defendants should be afforded an opportunity to respond to the arguments advanced by the RNC. *Abu-Jamal*, 2000 WL 1100784 at *4 n.8 (noting that "the filing of a partisan brief would be fair only if the other party was afforded an opportunity to respond").

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh
Suzanne P. Conaboy

Counsel for Defendants,
Acting Secretary of the Commonwealth
Veronica Degraffenreid and Deputy
Secretary for Elections and Commission
Jonathan M. Marks

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated: October 8, 2021

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Opposition to Motion for Leave To File Amicus Brief was served upon the following counsel of record via the Court's ECF system on this 8th day of October 2021:

Kaylan Phillips, Esquire
Noel H. Johnson, Esquire
Public Interest Legal Foundation
32E Washington Street, Suite 1675
Indianapolis, IN 46204

Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
1420 Locust Street, Suite 200
Philadelphia, PA 19102

/s/ Donna A. Walsh
Donna A. Walsh