# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:19-CV-00622 |
| | : | |
| LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, | : | JUDGE CONNER |
| | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendants Leigh M. Chapman, Acting Secretary of the Commonwealth, and Jonathan M. Marks, Deputy Secretary for Elections and Commissions, (collectively, "the Department of State"), by and through their undersigned counsel, hereby respectfully request that the Court alter and/or amend the judgment entered on March 31, 2022 (ECF 85) to remove any requirement that the Department of State identify and produce material reviewed by a consulting expert and to instead direct that material review by a consulting expert retained by outside counsel for the Department of State is not required to be disclosed to Plaintiff The Public Interest

Legal Foundation in response to its request under the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i)(1).[1]

In addition, the Department of State respectfully requests that the Court clarify that (1) the names, addresses and other personal identifying information of letter recipients who were not confirmed to be noncitizens may properly be redacted and need not be disclosed, and (2) the names, addresses and other personal identifying information of letter recipients who returned general cancellation requests may properly be redacted and need not be disclosed or, alternatively, the Court should declare that the completed cancellation forms are not proof of non-citizenship.

---

[1] The relief sought in this motion is included in Defendants' Motion For Clarification and for Partial Reconsideration filed on April 14, 2022 (ECF 88. 89). A motion for reconsideration is the "functional equivalent" of a Rule 59(e) motion to alter or amend a judgment and therefore likewise tolls the time for filing a notice of appeal under Rule 4(a)(4) of the Federal Rules of Appellate Procedure. *See Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986). The instant motion styled as a request for relief under Rule 59(e) is being filed for avoidance of any doubt on the relief sought or the authority to grant such relief. *See, e.g.*, ECF 90 at 1, 7.

The grounds supporting this motion are set forth in the accompanying memorandum of law in accordance with Local Rule 7.5.

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh
Suzanne P. Conaboy

Counsel for Defendants,
Acting Secretary of the Commonwealth
Leigh M. Chapman and Deputy Secretary
for Elections and Commission Jonathan M.
Marks

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated: April 28, 2022

## CERTIFICATE OF NON-CONCURRENCE

I hereby certify that I sought the concurrence of counsel for Plaintiff, Noel H. Johnson, Esquire, in this motion. Mr. Johnson does not concur in this motion.

/s/ Donna A. Walsh
Donna A. Walsh

Date: April 28, 2022

# CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Motion To Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) was served upon the following counsel of record via the Court's ECF system on this 28th day of April 2022:

>Kaylan Phillips, Esquire
>Noel H. Johnson, Esquire
>Public Interest Legal Foundation
>32E Washington Street, Suite 1675
>Indianapolis, IN  46204
>
>Linda A. Kerns, Esquire
>Law Offices of Linda A. Kerns, LLC
>1420 Locust Street, Suite 200
>Philadelphia, PA  19102

>/s/ Donna A. Walsh
>Donna A. Walsh