# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:19-CV-00622 |
| | : | |
| LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, | : | JUDGE CONNER |
| | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

### INTRODUCTION

On March 31, 2022, the Court entered judgment in this action (ECF 85) in accordance with the Memorandum and Order (ECF 83, 84) issued on the same date which granted, in part, and denied, in part, the parties' respective motions for summary judgment. Among other things, the Court entered judgment in favor of Defendants Acting Secretary of the Commonwealth Leigh M. Chapman and Deputy Secretary for Elections and Commissions Jonathan M. Marks (collectively, "Department of State") on the claim by Plaintiff The Public Interest Legal Foundation ("PILF") for access to records related to a privileged analysis by an

expert retained by outside counsel for the Department of State. ECF 85. In the Memorandum, the Court ruled that "the work-product doctrine shields the records produced in conjunction with the [expert's] noncitizen matching analysis from disclosure" because the expert was retained by counsel for the Department of State specifically in anticipation of litigation. Mem. at 20. The Court stated, however, in an accompanying footnote that "records used by the expert to conduct their analysis" are not protected work product. *Id.* at 20 n.11.

The Department of State hereby moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for an order amending the judgment to eliminate any requirement that it identify and produce material provided to and considered by a non-testifying consulting expert on the grounds that requiring identification and production of such records would be a clear error of law and would result in manifest injustice. The Department of State also moves for an order amending the judgment to clarify ambiguous aspects of the Court's ruling as detailed herein.[1]

---

[1] The Department of State filed a motion on April 14, 2022 seeking clarification concerning the meaning of certain statements in the Court's Memorandum and reconsideration of the Court's ruling concerning disclosure of documents utilized by a consulting expert. ECF 88, 89. While a motion for reconsideration has been recognized as the "functional equivalent" of a Rule 59(e) motion to alter or amend a judgment, *see Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986), PILF has argued that the Department of State's request for clarification should be raised in a motion to alter or amend under Rule 59(e). ECF 90 at 1, 7. For avoidance of any doubt, the Department of State makes this additional submission styled as a motion under Rule 59(e).

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action stems from PILF's request for records pursuant to the public disclosure provision in the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i)(1). Among other things, PILF sought "[d]ocuments regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any official information source . . .," including "all voter records that were referenced in recent news media reports regarding individuals improperly exposed to registration prompts due to a 'glitch' in PennDOT's Motor Voter compliance system. . . ." Mem. at 5-6.

In deciding the parties' cross-motions for summary judgment, the Court ruled that the work product doctrine shields the "noncitizen matching analysis" performed by an expert retained by outside counsel for the Department of State because the expert was retained and the analysis was performed in preparation for possible litigation. *Id.* at 17-20. Specifically, the Court held that "the work product doctrine shields the records produced in conjunction with the noncitizen matching analysis from disclosure." *Id.* at 20. The Court, however, added in a footnote that its "holding on this point should not be construed as stating that the work-product doctrine applies to . . . records used by the expert to conduct their analysis. . . ." *Id.* at 20 n.11.

The Department of State hereby moves for an order amending this statement pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to correct clear error of law and prevent manifest injustice that would result if material provided to a non-testifying consulting expert specifically retained in anticipation of litigation were required to be disclosed. The Department of State also requests clarification concerning specific voter information required to be produced in response to PILF's request.

## ARGUMENT

### I. Reconsideration Is Warranted With Respect to the Court's Statement That the Work Product Doctrine Does Not Apply to Records Provided to a Consulting Expert.

A motion to alter or amend a judgment under Rule 59(e) is properly granted, *inter alia*, to correct a clear error of law or prevent manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (citation omitted); *see also Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (reconsideration may be granted, *inter alia*, "to correct a clear error of law or fact or to prevent manifest injustice") (citation omitted). The Department of State respectfully submits that it was clear error to require identification and disclosure of records utilized by a non-testifying consulting expert and that it would result in manifest injustice to require production of such material in response to PILF's request under the NVRA.

More than 75 years ago, the Supreme Court confirmed that the work product doctrine protects information prepared by or for lawyers in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495 (1947). The Court recognized that, "[i]n performing his various duties . . . it is essential that a lawyer work with a certain degree of privacy . . . Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 510-11. The work product protection extends to consulting experts retained by counsel and protects against disclosure of communications with and documents provided to consulting experts by counsel which reflect counsel's mental impressions, opinions and legal theories. *In re Cendant Corp. Secs. Litig.*, 343 F.3d 658, 667 (3d Cir. 2003) ("Discovery of this information goes to the core of the work product doctrine . . . ."). Further, Rule 26(b)(4)(D) of the Federal Rules of Civil Procedure protects against compelled disclosure of "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation . . . and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D).

The federal courts have uniformly held that materials considered by a consulting expert are not discoverable. *See, e.g.*, *Brasfield & Gorrie, LLC v. Hirschfeld Steel Grp. LP*, No. 2:20-cv-00984-LSC, 2021 WL 5449203, at *5 (N.D.

Ala. Nov. 22, 2021) (finding requests for documents reviewed and evaluated by non-testifying expert improper because they "relate precisely to [expert's] role as a non-testifying expert engaged in anticipation of litigation"); *Employees Committed for Just. v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D.N.Y. 2008) ("When an expert is retained as a litigation consultant . . . materials reviewed or generated by the expert are generally privileged and immune from disclosure."); *Plymovent Corp. v. Air Tech Sols., Inc.*, 243 F.R.D. 139, 143 (D.N.J. 2007) ("Rule 26(b)(4)(B) . . . creates a safe harbor whereby facts and opinions of nontestifying experts are shielded from discovery, except upon a showing of exceptional circumstances."); *SEC v. Reyes*, No. 06-04435, 2007 WL 963422, at *1 (N.D. Cal. Mar. 30, 2007) ("[T]he work-product privilege generally applies to materials reviewed or generated by [consulting experts] in that capacity.") (citing, *inter alia*, *In re Cendant Corp.*, 343 F.3d at 662-65); *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1152 (N.D. Ill. 2001) ("[D]efendant is prohibited from eliciting the testimony or records of [a non-testifying expert] regarding the opinions he developed or information he acquired . . . in anticipation of litigation.").[2]

---

[2] The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

The Department of State respectfully submits that the Court clearly erred in concluding that the compilation of records used by a consulting expert are required to be disclosed in response to PILF's NVRA request and are not entitled to the same protection afforded to the expert's analysis and other work product. First, such records are not responsive to PILF's request under the NVRA. Moreover, counsel's decision to have certain documents compiled and reviewed by a consulting expert is work product and therefore protected from disclosure as the authority above recognizes. The Court's ruling to the contrary is a clear error of law that warrants relief under Rule 59(e). *See generally Max's Seafood*, 176 F.3d at 678 ("reconsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law") (citation omitted); *see also Wiest v. Lynch*, 710 F.3d 121, 138 (3d Cir. 2013) (reversing district court denial of reconsideration to extent that district court ruling rested on errant conclusion of law); *McDowell v. Philadelphia Hous. Auth.*, 423 F.3d 233, 241 (3d Cir. 2005) (vacating district court order denying motion for reconsideration where district court erred in interpreting consent decree and applicable regulations).

Accordingly, the Department of State respectfully requests that the Court reconsider footnote 11 in the Memorandum and amend the judgment to direct that

material considered by a non-testifying consulting expert is not required to be identified or disclosed to PILF in response to its request under the NVRA.[3]

## II. Clarification Is Needed Concerning Specific Voter Information Required To Be Produced in Response to PILF's Request.

Clarification is also needed to resolve ambiguity regarding which specific voter information is required to be disclosed in response to PILF's request.

In its Memorandum, the Court determined that the analysis by the expert retained by the Department of State's outside counsel was in anticipation of litigation, Mem. at 17-19, and that "the work-product doctrine shields the records produced in conjunction with the [expert's] noncitizen matching analysis from disclosure," *id.* at 20. The Court added in footnote 11, however, that "the thousands of letters sent to potential noncitizen registrants based upon the results of the noncitizen matching analysis" are not protected by the work product doctrine, *id.* at 20 n.11, thereby seeming to suggest that unredacted letters are required to be disclosed. Any such direction, however, appears to conflict with the Court's direction in footnote 7 on page 15 that "[t]he Commonwealth may redact

---

[3] If records reviewed by a consulting expert retained by the Department of State's outside counsel were deemed to be subject to public disclosure, such a ruling would further necessarily implicate privacy concerns, Mem. at 14-15 & n.7, and statutory protections, including the Driver's Privacy Protection Act, 18 U.S.C. § 2721, which cannot be fully litigated without exposing protected work product. Acknowledging that records reviewed by a non-testifying expert are protected work product would avoid this untenable circumstance.

8

the private personal information outlined in *N.C. State Bd. of Elections*"—defined to include "personal information of citizens initially identified as potentially failing to meet the citizenship requirement for voter registration but ultimately exonerated"—"from records disclosed under the NVRA." *Id.* at 15 n.7.

Footnotes 7 and 11 can be harmonized and read together to require disclosure of letters sent to potential noncitizen registrants following redaction of the names, addresses and other personal information of persons who received the letters and who either affirmed their eligibility to vote or were not confirmed to be noncitizens. Accordingly, the Department of State seeks to clarify that the names, addresses and identifying information for persons who received "the thousands of letters sent to potential noncitizen registrants" should properly be redacted consistent with the privacy protections identified in the Court's Memorandum.[4]

Further, the Department of State seeks clarification as to whether personal identifying information concerning recipients of the letters who subsequently cancelled their voter registrations is required to be disclosed. PILF's NVRA request sought "[d]ocuments regarding all registrants who were identified as

---

[4] The letters were the product of a mail merge process and, as a result, there are no copies of the letters that can be disclosed. The form letters, however, have already been provided to PILF. (The form letters are reproduced at ECF 64-1 at Exs. A & B to the Marks Declaration and are attached hereto as Exhibits "A" and "B.") If the identities of the recipients are required to be disclosed, any disclosure would consist of a list of recipient names and addresses.

potentially not satisfying the citizenship requirements for registration . . .," including "actions taken regarding the registrant's registration (if any) . . . ." Mem. at 5-6. The cancellation form included with the letters sent to registrants (a copy is reproduced with Exhibit B) includes no reason for canceling a voter's registration. Accordingly, a registrant who requested cancellation using the enclosed form did not represent that he or she was a noncitizen. Given the absence of proof of noncitizen status, and out of recognition that privacy rights must be balanced with the disclosure obligations in the NVRA, *see, e.g.*, Mem. at 14-15; *see also Public Interest Legal Found. v. N.C. State Bd. of Elections*, 996 F.3d 257, 264 (4th Cir. 2021), the Department of State seeks clarification with respect to whether the names and personal identifiers of persons who cancelled their registrations after receiving letters are required to be disclosed in response to PILF's request and, if disclosure is required, the Department of State requests that the Court clarify that the completed cancellation requests are not admissions that the persons are not U.S. citizens.[5]

---

[5] The Department of State understands the Court's Memorandum as requiring disclosure of the names and voting histories of the 1,160 registrants who self-cancelled their voter registrations because they were noncitizens. Mem. at 20-22. This request for clarification relates instead to the 215 individuals who were among the 11,198 who received letters requesting that they affirm their eligibility to vote and who returned general forms requesting cancellation that made no reference to citizenship or lack thereof. *See* ECF 64-1, Marks Decl., at Ex. D.

Accordingly, to avoid a dispute over what is required by the Court's ruling, the Department of State respectfully requests that the Court amend the Memorandum and Judgment to clarify that (1) the names, addresses and other personal identifying information of letter recipients who were not confirmed to be noncitizens may properly be redacted and need not be disclosed, and (2) the names, addresses and other personal identifying information of letter recipients who returned general cancellation requests may properly be redacted and need not be disclosed or, in the alternative, that the Court declare that the completed cancellation forms are not proof of non-citizenship.[6]

## CONCLUSION

For the reasons above, the Court should reconsider its statement that material reviewed by a consulting expert is not protected by the work product doctrine and amend the Memorandum and Judgment to direct that material considered by a non-testifying expert need not be identified or disclosed to PILF in response to its request under the NVRA. In addition, the Court should clarify that (1) the names, addresses and other personal identifying information of letter recipients who were not confirmed to be noncitizens may properly be redacted and

---

[6] The Department of State also initially sought clarification with respect to whether there was an obligation to disclose the entire SURE database. ECF 89 at 5-7. PILF has since confirmed that it did not request the entire database, ECF 90 at 8, and therefore the entire database is not required to be disclosed.

need not be disclosed, and (2) the names, addresses and other personal identifying information of letter recipients who returned general cancellation requests may properly be redacted and need not be disclosed or, alternatively, the Court should amend the judgment to specifically declare that the completed cancellation forms are not proof of non-citizenship.

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh
Suzanne P. Conaboy

Counsel for Defendants,
Acting Secretary of the Commonwealth
Leigh M. Chapman and Deputy Secretary
for Elections and Commission Jonathan M.
Marks

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated: April 28, 2022

# CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) was served upon the following counsel of record via the Court's ECF system on this 28th day of April 2022:

Kaylan Phillips, Esquire
Noel H. Johnson, Esquire
Public Interest Legal Foundation
32E Washington Street, Suite 1675
Indianapolis, IN  46204

Linda A. Kerns, Esquire
Law Offices of Linda A. Kerns, LLC
1420 Locust Street, Suite 200
Philadelphia, PA  19102

/s/ Donna A. Walsh
Donna A. Walsh