United States District Court
Middle District of Pennsylvania
Harrisburg Division

| | |
|---|---|
| **The PUBLIC INTEREST LEGAL FOUNDATION,**<br><br>*Plaintiff*,<br><br>v.<br><br>**LEIGH M. CHAPMAN,** in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and **JONATHAN M. MARKS,** in his official capacity as Deputy Secretary for Elections and Commissions,<br><br>*Defendants*. | No. 1:19-cv-00622-CCC |

### Plaintiff's Motion for an Order to Show Cause under Federal Rule of Civil Procedure 11

Pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, Plaintiff Public Interest Legal Foundation ("Foundation") moves the Court to impose sanctions on Defendants and/or their counsel for presenting a motion and statements for an "improper purpose" under Fed. R. Civ. P. 11(b)(1).

Defendants moved to enlarge their deadlines for post-judgment motions based on their representation of a specific need for additional time to produce supplemental information to the Foundation in advance of the established briefing deadlines. (Doc. 117.) The Court granted the motion, in part (Doc. 119), over the Foundation's objections (Doc. 118). Defendants failed to produce that information

1

or communicate with the Foundation about it in any way.[1] The Foundation remains in the dark concerning the nature of this "supplemental information."

Defendants' motion to enlarge deadlines caused "unnecessary delay" in an already severely protracted action and "needlessly increased the cost of litigation," Fed. R. Civ. P. 11(b)(1), by forcing the Foundation and the Court to devote resources opposing and resolving the motion, respectively. More importantly, Defendants' delay and failure to produce the information caused yet another federal election to occur without the transparency Congress intended. *See* 52 U.S.C. § 20507(i)(1).

Because Defendants did not produce the information that formed the basis of their motion, the Court should conclude that the motion was made for an "improper purpose" under Fed. R. Civ. P. 11(b)(1) and impose sanctions on Defendants and/or their counsel. The Plaintiff defers to the Court as to what

---

[1] To be clear, the Foundation does not concede that the so-called supplemental information Defendants committed to producing has any bearing on the post-judgment motions. "It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." *Cornerstone Residence Inc. v. City of Clairton, Pa.*, Civil Action No. 17-706, 2018 U.S. Dist. LEXIS 2068, at *12 (W.D. Pa. Jan. 5, 2018). For these reasons, "it is well established that new arguments cannot be raised for the first time in reply briefs." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 779 (D.N.J. 2013); *see also Anspach v. City of Phila.*, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("Absent compelling circumstances not present here, failure to raise an argument in one's opening brief waives it."). Defendants' apparent plan to introduce *new evidence* along with a reply brief is far more inappropriate.

sanctions would be appropriate but respectfully requests ordering payment of the attorney's incurred by the Foundation responding to the motion to enlarge deadlines and filing this motion for sanctions, and any other penalty the Court deems necessary to deter similar conduct in the future.

## ARGUMENT

I. **Federal Rule of Civil Procedure 11.**

> (b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it— an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

Fed. R. Civ. P. 11(b)(1). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "In evaluating a Rule 11 motion for sanctions, a district court must determine whether the attorney's conduct was objectively reasonable under the circumstances." *Kocher v. Larksville Borough*, No. 3:CV-11-2053, 2013 U.S. Dist. LEXIS 68876, at *3-4 (M.D. Pa. May 15, 2013) (citing *Ario v. Underwriting Members of*

*Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277, 297 (3d Cir. 2010)).

## II. Defendants and Their Counsel Justified the Initial Briefing Schedule on Their Commitment to Producing Supplemental Information to the Foundation.

Following unsuccessful mediation, the parties jointly moved on October 6, 2022 to establish deadlines for remaining post-judgment motions and motions for attorney's fees. (Doc. 115.) As Defendants explained, "The revised briefing deadlines … were proposed jointly by the parties <u>based upon Defendants' commitment to supplement its production of information to Plaintiff</u> …." (*See* Doc. 117 ¶ 2 (emphasis added).) Yet Defendants did not produce that information to the Foundation.

## III. Defendants and Their Counsel Justified the Motion to Enlarge Deadlines on Their Need for Additional Time to Produce the Supplemental Information to the Foundation.

On October 20, 2022, five days before the parties' first deadline under the revised briefing schedule, Defendants moved to enlarge the established deadlines. (Doc. 117.) Defendants claimed that due to the upcoming election and other unidentified "emergency election matters," Defendants "need[ed] additional time to assemble and produce the supplemental information in advance of the new briefing deadlines." (Doc. 117 ¶ 3.) Defendants also gave a separate but related justification for the requested enlargement: "to allow for Plaintiff's review of the

4

information prior to the additional briefing[.]" (Doc. 117 ¶ 6.) Although the Court extended Defendants' deadlines by more than two additional weeks (Doc. 119), Defendants did not produce that information to the Foundation.

### IV.  Defendants Violated Rule 11(b).

Defendants committed to producing additional information to the Foundation and used that commitment as a reason to set and enlarge briefing deadlines. Defendants represented to the Court and the Foundation that they would produce additional information to the Foundation in advance of established briefing deadlines. Defendants did not.

Defendants' motion to enlarge deadlines caused "unnecessary delay" in an already severely protracted action, and "needlessly increased the cost of litigation," Fed. R. Civ. P. 11(b)(1), by forcing the Foundation and the court to devote resources opposing and resolving the motion, respectively. More importantly, Defendants' delay and failure to produce the information caused yet another federal election to occur without the transparency Congress intended. *See* 52 U.S.C. § 20507(i)(1).

Defendants will predictably use "the election" as an excuse justifying their delay. The Court should ignore this tired refrain. Elections happen twice per year, every year, in the Commonwealth of Pennsylvania. Elections do not sneak up on anyone. In fact, Defendants *chose* the initial deadlines will full knowledge that the

election was approaching. In any event, "the election" is not a trump card or a get-out-of-jail-free card, much less a card that can justify Defendants' failure to produce information they promised both the Court and the Foundation they would produce.[2]

During routine litigation, a delay of two-plus weeks may not be significant, especially when the case moves efficiently. Here, we have a public records dispute that has now entered its sixth year. Commonwealth of Pennsylvania voters participated in ten elections since the Foundation requested the underlying records. In this litigation, an unnecessary delay of two-plus weeks prejudiced the Foundation. In reality, Defendants have had *years* to produce records to the Foundation and should have done so much earlier. Yet even now, after the Court has ordered them to produce the records, Defendants continue to engage in unjustified delay.

Defendants and their counsel appear to have misrepresented their intentions to the Court and the Foundation, causing needless delay, increasing the cost of this litigation, and further keeping the public in the dark about the government's activities. Defendants' behavior warrants sanctions.

### V.  The Court Should Order Defendants and/or Their Counsel to Pay the Foundation's Attorney's Fees.

---

[2] It would also be quite ironic and backwards for the Secretary of State to claim she is too busy conducting an election to comply with federal law (and this Court's order) designed to make voter registration transparent.

"A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Here, what suffices to deter repetition is ordering Defendants and/or their counsel to pay the attorney's fees incurred by the Foundation in responding to the motion for enlargement and filing this motion for sanctions.

## CONCLUSION

For these reasons, the Foundation respectfully asks for an order to show cause for the above-described conduct of Defendants' counsel.

Dated: November 11, 2022

Respectfully submitted,
For the Plaintiff Public Interest Legal Foundation:

 /s/ Linda A. Kerns
Linda A. Kerns, Esquire
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200
Philadelphia, PA 19102
PA Atty ID 84495
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

Noel H. Johnson (Wis. Bar # 1068004)*
Kaylan L. Phillips (In. Bar #30405-84)*
32 E. Washington St., Ste. 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
kphillips@PublicInterestLegal.org
*Admitted Pro Hac Vice*

## Certificate of Service

I hereby certify that on November 11, 2022, I electronically filed the foregoing using the Court's ECF system, which will serve notice on all parties.

                                             /s/ Linda A. Kerns
                                             Linda A. Kerns
                                             linda@lindakernslaw.com
                                             *Counsel for Plaintiff*