IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : :  : |
| Plaintiff, | : : |
| v. | : NO. 1:19-CV-00622 |
| | : |
| LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, | : JUDGE CONNER : : ELECTRONICALLY FILED : : : : |
| Defendants. | : |

**DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE**

Pursuant to Local Rule 7.1, Defendants Leigh M. Chapman, Acting Secretary of the Commonwealth of Pennsylvania, and Jonathan M. Marks, Deputy Secretary for Elections and Commissions (referred to collectively hereinafter as "the Department"), by and through their undersigned counsel, hereby move to strike the Motion for Order To Show Cause Under Federal Rule of Civil Procedure 11 filed by Plaintiff The Public Interest Legal Foundation ("PILF"), and, in support thereof, state as follows:

1. On November 11, 2022, PILF filed a Motion for Order To Show Cause Under Federal Rule of Civil Procedure 11 (ECF 121) seeking imposition of sanctions

because the Department sought an enlargement of briefing deadlines and had not yet made a supplemental production of information under the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507(i), at the time PILF filed its motion.

2. PILF filed the motion without first seeking concurrence from counsel for the Department as required by Local Rule 7.1 and without first serving the motion on the Department and allowing 21 days to pass before filing the motion as required by Rule 11(c)(2) of the Federal Rules of Civil Procedure.

3. Had PILF sought concurrence or served notice of intent to file the motion, it would have learned that the Department was preparing to make a substantial production of information on November 11, 2022—the same day that PILF filed its motion for sanctions. Shortly after PILF filed its motion, the Department delivered to PILF the names of 1,363 persons whose voter registrations were canceled where the reason for the cancellation was stated as "not a citizen" and also vote history, if any, for the canceled registrants. The Department separately provided a list of 93 persons who received the June 12, 2018 letter advising them of the software error at PennDOT that allowed persons to inadvertently register to vote and whose registrations were later canceled where the reason for the cancellation was noted as "not a citizen." In addition, the Department advised PILF that it was in the process of preparing for production documents from the Statewide Uniform Registry of Electors ("SURE") database for the canceled registrants and that the

material would be produced "as soon as appropriate redactions are completed." (A copy of the Supplemental Response (without accompanying records) served on November 11, 2022 is attached as Exhibit "A.")[1]

4. PILF's Motion for Order To Show Cause is defective on its face.

5. PILF's Motion for Order To Show Cause does not "contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied," as required by Local Rule 7.1. PILF never sought concurrence from counsel for the Department.

6. PILF's Motion for Order To Show Cause also fails to adhere to the mandatory procedure in Rule 11(c)(2) which requires that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ." Fed. R. Civ. P. 11(c)(2). PILF filed the motion without prior notice to the Department and without allowing 21 days to pass before filing as required by Rule 11(c)(2).

7. Beyond these procedural defects, there is no legal or factual basis for imposition of sanctions under Rule 11. The essential premise for PILF's motion— that the Department "did not produce the information that formed the basis" of its request to extend briefing deadlines, ECF 121 at 2—is not accurate. The Department

---

[1] The referenced additional production was made on November 22, 2022.

made a supplemental production on November 11, 2022—three days after the General Election on November 8, 2022. Had PILF sought concurrence as it was required to do under Local Rule 7.1, it would have learned that the supplemental material was being prepared for production and that production was imminent. There was no Court-Ordered deadline to make the supplemental production. Accordingly, there is no legal or factual basis for imposition of any sanction.

8. On November 14, 2022, the Department advised counsel for PILF of the deficiencies in its Motion for Order To Show Cause and requested that PILF withdraw the defective motion without further expenditure of time and effort by the parties or the Court, but counsel for PILF refused to withdraw the motion. (A copy of the November 14, 2022 email exchange is attached as Exhibit "B.")

9. Counsel for PILF has also advised that PILF does not concur in this motion to strike the defective motion for sanctions.

10. The Department is entitled to the costs and fees incurred in responding to PILF's procedurally defective and legally and factually baseless Motion for Order To Show Cause. Fed. R. Civ. P. 11(c)(2) ("If warranted, the Court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

WHEREFORE, the Department respectfully requests that the Court strike PILF's Motion for Order To Show Cause and award the Department its costs and fees in opposing the motion and seeking relief from the Court.

                                          Respectfully submitted,

                                          /s/ Donna A. Walsh
                                          Daniel T. Brier
                                          Donna A. Walsh
                                          Suzanne P. Conaboy

                                          Counsel for Defendants,
                                          Acting Secretary of the Commonwealth
                                          Leigh M. Chapman and Deputy Secretary
                                          for Elections and Commissions Jonathan M.
                                          Marks

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated:  November 22, 2022

## CERTIFICATE OF NON-CONCURRENCE

I, Daniel T. Brier, hereby certify that I sought the concurrence of counsel for Plaintiff, Linda A. Kerns, Esquire, in this motion. Ms. Kerns does not concur in this motion.

/s/ Daniel T. Brier
Daniel T. Brier

Date: November 22, 2022

## **CERTIFICATE OF SERVICE**

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Motion To Strike was served upon the following counsel of record via the Court's ECF system on this 22nd day of November 2022:

>Kaylan Phillips, Esquire
>Noel H. Johnson, Esquire
>Public Interest Legal Foundation
>32E Washington Street, Suite 1675
>Indianapolis, IN  46204
>
>Linda A. Kerns, Esquire
>Law Offices of Linda A. Kerns, LLC
>1420 Locust Street, Suite 200
>Philadelphia, PA  19102

/s/ Donna A. Walsh
Donna A. Walsh
