# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 1:19-CV-00622 |
| | : | |
| LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and JONATHAN M. MARKS, in his official capacity as Deputy Secretary for Elections and Commissions, | : | JUDGE CONNER |
| | : | |
| | : | ELECTRONICALLY FILED |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

## INTRODUCTION

Without prior notice, Plaintiff The Public Interest Legal Foundation ("PILF") filed a motion under Rule 11 seeking imposition of sanctions against Defendants Leigh M. Chapman, Acting Secretary of the Commonwealth, and Jonathan M. Marks, Deputy Secretary for Elections and Commissions (hereinafter "the Department") because a supplemental production of material had not arrived by the time PILF filed its motion. ECF 121 at 1-2. PILF's motion is defective on its face. PILF's failure to first serve the motion and then allow 21 days to pass before filing it with the Court as required by Rule 11(c)(2) is a fatal defect that requires denial of

the motion. Further, PILF's request for sanctions is groundless. Had PILF sought the Department's concurrence as required by Local Rule 7.1, it would have learned that the Department was preparing a supplemental production for delivery ***that very day*** and that an additional production would be forthcoming.[1] PILF's procedurally flawed and legally baseless motion for sanctions should be stricken.

**RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Following a good faith but unsuccessful attempt at mediation, on October 6, 2022, the parties jointly moved for an order resetting the briefing deadlines on various pending and/or anticipated motions. ECF 115. The Court entered an Order on October 7, 2022 granting the joint request to reset the deadlines. ECF 116.

As the deadlines approached, the Department concluded that additional time was needed to assemble and produce supplemental information. The Department moved on October 20, 2022 for an order extending the briefing schedule to allow time to make a supplemental production. ECF 117. PILF opposed the request by the Department to enlarge the Department's deadlines but requested an extension of its own deadlines. ECF 118. The Court found that the Department's election-related commitments constituted "good cause" to extend all briefing deadlines and granted the request for an enlargement, specifically requiring that PILF shall file its brief in opposition to the Department's motion to alter or amend judgment and the

---

[1] The referenced additional production was made on November 22, 2022.

Department shall file its reply brief in further support of its motion for clarification and partial reconsideration on or before November 11, 2022. ECF 119. The Court did not set a deadline for the supplemental production.

At approximately 4:00 pm on November 11, PILF filed a Motion for Order To Show Cause Under Federal Rule of Civil Procedure 11 (ECF 121) without seeking concurrence and without first serving the motion and allowing 21 days to pass before filing it with the Court as required by Rule 11(c)(2) of the Federal Rules of Civil Procedure.

Had PILF conferred with the Department as required, it would have learned that the Department was preparing the supplemental production for delivery to PILF that very day. Later on November 11, 2022, the Department made a supplemental production of information that included (1) a list of the 93 persons who received the June 12, 2018 letter advising them of the PennDOT software error that allowed non-citizens to register to vote whose registrations were canceled where the reason for the cancelation is stated as "not a citizen"; (2) vote history, if any, for the 93 persons in (1); (3) a list of the 1,363 persons whose voter registrations were canceled between 1993 and 2022 whose voter records state the reason for the cancellation as "not a citizen"; and (4) vote history, if any, for the 1,363 persons in (3). The Supplemental Production also advised that the Department was in the process of preparing for production documents in the Statewide Uniform Registry of Electors ("SURE")

3

database for the canceled registrants and that the material would be produced "as soon as appropriate redactions are completed." Suppl. Resp. at 4. (A copy of the Department's Supplemental Response (without accompanying records) served on November 11, 2022 is attached as Exhibit "A.")

The undersigned counsel for the Department wrote to counsel for PILF on November 14, 2022 to request that PILF withdraw the Motion for Order To Show Cause due to its procedural defects and because a supplemental production was delivered on November 11, 2022. PILF refused to withdraw the defective filing. (A copy of the November 14, 2022 email exchange is attached as Exhibit "B.")[2]

## **ARGUMENT**

PILF' Motion For Order To Show Cause is procedurally defective and lacks any basis in law or fact. It should be stricken forthwith.

*First*, PILF failed to comply with the mandatory procedure in Rule 11. Rule 11(c)(2) directs that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service. . . ." Fed. R. Civ. P. 11(c)(2). "[S]trict compliance" with the safe-harbor provision is required. *See Andresen v. Commonwealth*, No. 1: 20-CV-989, 2022 WL 3334495, at *1 (M.D. Pa. June 9, 2022) ("[O]ur court of appeals requires 'strict

---

[2] PILF has not filed a brief in support of its motion for sanctions.

compliance' with Rule 11's safe-harbor rule in light of the chilling effect of sanctions.") (citing *In Re Miller*, 730 F.3d 198, 204 (3d Cir. 2013) (addressing Bankruptcy Rule 9011 which the Court noted in footnote 4 is "equivalent" to Rule 11)).[3] "'[F]ailure to comply with the procedural requirements precludes the imposition of the requested sanctions.'" *In re Miller*, 730 F.3d at 204 (quoting *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004)). PILF provided no notice of its intent to seek sanctions and, for this reason alone, its motion must be denied. *Andresen*, 2022 WL 3334495, at *1 ("[I]t would be contrary to law to impose sanctions upon Andresen absent strict compliance with the safe-harbor requirement of Rule 11(c)(2)."); *Community Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-1559, 2014 WL 1516152, *2 (M.D. Pa. Apr. 15, 2014) ("Having failed to comply with the mandatory procedural requirements of Rule 11, the Defendants are not entitled to an award of sanctions under Rule 11(c)(2), and their motion must be denied.") (citations omitted).

PILF plainly misreads Rule 11 in positing that Rule 11(c)(2) "does not apply" because its motion sought a rule to show cause rather than "direct sanctions." Ex. B. Rule 11 contemplates a show cause order only where the court, on its own initiative, initiates a sanctions proceeding. Fed. R. Civ. P. 11(c)(3). PILF cannot

---

[3] Pursuant to L.R. 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

avoid the mandatory procedure in Rule 11(c)(2) by characterizing its motion as a request for a show cause order. *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001) (rejecting argument that party's motion for sanctions can be interpreted as "Rule 11 motion on the court's own initiative" because "[i]t would render Rule 11(c)(1)(A)'s 'safe harbor' provision meaningless to permit a party's noncompliant motion to be converted automatically into a court-initiated motion, thereby escaping the service requirement").[4] PILF's proffered rationale for not complying with Rule 11 confirms that PILF's non-compliance was intentional, not due to oversight.

*Second*, PILF failed to seek concurrence as required by Local Rule 7.1. Had PILF sought concurrence as it was required to do, it would have learned that the supplemental production was forthcoming. PILF is not entitled to be reimbursed for the costs of filing a defective motion for sanctions that was and is wholly unnecessary. *See Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 156 (7th Cir. 1994) (movant is "not entitled to reimbursement for any costs that could have been avoided by way of a more reasonable approach"); *Napier v. Thirty or More Unidentified Federal Agents, Employees or Officers*, 855 F.2d 1080, 1092 (3d Cir. 1988) (movant has "duty to mitigate, using reasonable means" to respond to alleged violation of Rule 11).

---

[4] Rule 11 has since been renumbered.

6

*Third*, Rule 11 does not apply here. Rule 11(d) states that "[t]his rule does not apply to disclosures and discovery requests [and] responses . . . ." Fed. R. Civ. P. 11(d). Because PILF is challenging the timing of the supplemental disclosure of information, there is no basis for imposition of sanctions under Rule 11.

*Fourth*, and dispositively, PILF has received the supplemental production. There is no basis in fact or law for imposition of any sanction.

For these reasons, PILF's motion is procedurally defective and substantively without merit and should be stricken. PILF's failure to follow Rule 11 and Local Rule 7.1 has unnecessarily burdened the Court and the Department. Rule 11(c)(2) provides that, "[i]f warranted," the Court may award "reasonable expenses, including attorney's fees" to a party opposing a motion for sanctions. Fed. R. Civ. P. 11(c)(2). An award of fees is appropriate where, as in this case, the party moving for sanctions disregarded the requirements of Rule 11 by failing to provide the required 21-day notice period and failed to withdraw a defective motion after being informed of Rule 11's requirements. *See, e.g., Bennett v. Prime TV, LLC*, No. 1:02CV00611, 2003 WL 21077130, at *2 (M.D.N.C. May 9, 2003). Accordingly, PILF should be compelled to reimburse the Department for the costs and fees incurred in responding to its defective and baseless motion.

## CONCLUSION

For the reasons above, PILF's motion for sanctions under Rule 11 should be stricken and PILF should be compelled to reimburse the Department for the attorney's fees and expenses incurred in responding to the defective motion.

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh
Suzanne P. Conaboy

Counsel for Defendants,
Acting Secretary of the Commonwealth
Leigh M. Chapman and Deputy Secretary
for Elections and Commission Jonathan M. Marks

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated: November 22, 2022

# CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Strike was served upon the following counsel of record via the Court's ECF system on this 22nd day of November 2022:

> Kaylan Phillips, Esquire
> Noel H. Johnson, Esquire
> Public Interest Legal Foundation
> 32E Washington Street, Suite 1675
> Indianapolis, IN 46204
>
> Linda A. Kerns, Esquire
> Law Offices of Linda A. Kerns, LLC
> 1420 Locust Street, Suite 200
> Philadelphia, PA 19102

/s/ Donna A. Walsh
Donna A. Walsh