United States District Court
Middle District of Pennsylvania
Harrisburg Division

| | |
|---|---|
| The **PUBLIC INTEREST LEGAL FOUNDATION,** <br><br> *Plaintiff,* <br><br> v. <br><br> **LEIGH M. CHAPMAN,** in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and **JONATHAN M. MARKS,** in his official capacity as Deputy Secretary for Elections and Commissions, <br><br> *Defendants.* | No. 1:19-cv-00622-CCC |

**Plaintiff Public Interest Legal Foundation's
Motion for Attorney's Fees, Costs, and Expenses and Memorandum of Law**

Pursuant to 52 U.S.C. § 20510(c) and Fed. R. Civ. P. 54(d)(2)(B), Plaintiff Public Interest Legal Foundation, Inc. ("Foundation") hereby moves for an order granting the Foundation reasonable attorney's fees, costs, and expenses in this action. With this Motion, the Foundation requests $186,220.00 in attorney's fees and $2,723.91 in costs and expenses. The Foundation requests the opportunity to supplement this Motion with related fees, costs, and expenses incurred after the submission of this Motion.[1]

---

[1] This Motion requests reimbursement for time billed through December 12, 2022.

As grounds for this motion, the Foundation states that (1) it is the prevailing party in this action under 52 U.S.C. § 20510(c), and (2) the requested fees, costs, and expenses are fair and reasonable. In support of this Motion, the Foundation submits the accompanying memorandum of law, along with the declarations of Noel H. Johnson, Linda A. Kerns, and Lou Capozzi, and the exhibits attached thereto.

The Foundation sought concurrence in this Motion from Defendants and Defendants state that they oppose this Motion. *See* L.R. 7.1.

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................. 1

ARGUMENT ........................................................................................................ 2

    I.    The Foundation Is Entitled to an Award of Reasonable Attorney's Fees, Costs, and Expenses ............................................. 2

        A.  The NVRA Is Subject to the Same Fee-Shifting Standards Used for Other Civil Rights Statutes .......................................... 2

        B.  The Foundation Is the Prevailing Party ....................................... 3

    II.   The Request Fee Award Is Reasonable ........................................... 7

        A.  The Lodestar Method Is Used to Calculate an Appropriate Fee Award ............................................................... 7

        B.  The Number of Hours Expended Is Reasonable ........................ 7

        C.  The Hourly Rates Are Reasonable ............................................. 9

        D.  The Foundation Is Entitled to Recover Costs and Expenses in Addition to Attorney's Fees ...................................................... 11

        E.  The Foundation Is Entitled to Recover Attorney's Fees Associated with the Preparation of this Motion ........................ 11

CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

*Cases*

*Blum v. Stenson*,
   465 U.S. 886 (1984) ................................................................... 7, 9-10

*Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*,
   532 U.S. 598 (2001) ............................................................................ 2

*City of Burlington v. Dague*,
   505 U.S. 557 (1992) ............................................................................ 4

*Farrar v. Hobby*,
   506 U.S. 103 (1992) ..................................................................... 4-5, 8

*Han Min Lee v. 1333 Enter.*,
   No. 2:19-cv-00182-JDW (E.D. Pa. Dec. 13, 2019) .............................. 2

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................... 2, 4, 6-9

*Lejeune G. v. Khepera Charter Sch.*,
   420 F. Supp. 3d 331 (E.D. Pa. 2019) ................................................ 11

*Maldonado v. Houstoun*,
   256 F.3d 181 (3d Cir. 2001) ............................................................... 7

*Nat'l Coal. for Students with Disabilities v. Bush*,
   173 F. Supp. 2d 1272 (N.D. Fla. 2001) ........................................... 3, 6

*Project Vote v. Blackwell*,
   No. 1:06-CV-1628 (N.D. Ohio Mar. 31, 2009) ................................... 3

*Project Vote/Voting for Am. v. Long*,
   887 F. Supp. 2d 704 (E.D. Va. 2012) .................................................. 3

*Public Interest Legal Foundation v. Bennett*, Doc. 84
   No. 4:18-cv-00981 (entered Jan. 26, 2021) ..................................... 2, 5

*Pub. Interest Legal Found. v. Matthews*,
   589 F. Supp. 3d 932 (C.D. Ill. 2022) ................................................... 5

*Singer Mgmt. Consultants v. Milgram*,
   650 F.3d 223 (3d Cir. 2011) ............................................................... 4

*Student Public Interest Research Group of New Jersey, Inc. v. AT&T Bell
Laboratories*,
   842 F.2d 1436 (3rd Cir. 1988) ............................................................ 9

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*,
    489 U.S. 782 (1989) ................................................................................ 4

*True the Vote v. Hosemann*,
    No. 3:14-CV-532-NFA (S.D. Miss. Oct. 17, 2014) ................................... 3

***Statutes and Rules***

52 U.S.C. § 20510(c) ..................................................................... 1-3, 5-6, 11

# INTRODUCTION

Plaintiff Public Interest Legal Foundation, Inc. ("Foundation") is the prevailing party in this action and is therefore entitled to recover reasonable attorney's fees, costs, and expenses under the fee-shifting provision of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20510(c).

After Defendants Chapman and Marks (together, the "Secretary") repeatedly denied the Foundation access to public voter list maintenance records, the Foundation filed this action seeking an order compelling production of the records. (Doc. 1, Prayer for Relief ¶¶ 1-2.) The Foundation also prayed for attorney's fees, including litigation expenses and costs. (Doc. 1, Prayer for Relief ¶ 3.)

On March 31, 2022, the Court granted the Foundation's motion for summary judgment in significant part. (*See* Doc. 84 ("Summary Judgment Order").) The Court's Summary Judgment Order is an enforceable judgment that affirms the requested records are within the NVRA's scope and requires the Secretary to produce those records to the Foundation.

For that reason, the Foundation is the prevailing party under the NVRA's fee-shifting provision, 52 U.S.C. § 20510(c) and seeks an order awarding it $186,220.00 in attorney's fees, and $2,723.91 in costs and expenses.

# ARGUMENT

## I.   The Foundation Is Entitled to an Award of Reasonable Attorney's Fees, Costs, and Expenses.

### A. The NVRA Is Subject to the Same Fee-Shifting Standards Used for Other Civil Rights Statutes.

The NVRA provides, "In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c). The term "prevailing party" is a "legal term of art," *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) ("*Buckhannon*") that has been consistently construed to mean the same thing in each fee-shifting statute that uses it, *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'") (construing fee-shifting provision of 42 U.S.C. § 1988); *see also Han Min Lee v. 1333 Enter.*, No. 2:19-cv-00182-JDW, 2019 U.S. Dist. LEXIS 232034, at *9 (E.D. Pa. Dec. 13, 2019) ("The term 'prevailing party' has the same meaning across all federal fee-shifting statutes.").

Accordingly, courts that have interpreted the NVRA's fee-shifting provision have concluded that the NVRA is subject to the same standards that apply in other civil rights cases. *See* Doc. 84, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-00981 (entered Jan. 26, 2021) (citing *Hensley v. Eckerhart*, 461 U.S. 424,

2

433 (1983) and stating, "The threshold question when determining whether to award attorney's fees under a statute that authorizes such an award is whether the movant is a 'prevailing party.'"); *Project Vote/Voting for Am. v. Long*, 887 F. Supp. 2d 704, 708-09 (E.D. Va. 2012) ("Courts apply the same standards applicable to other federal civil rights fee shifting statutes when considering an award under [52 U.S.C. § 20510(c)]."); *Nat'l Coal. for Students with Disabilities v. Bush*, 173 F. Supp. 2d 1272, 1276 (N.D. Fla. 2001) ("In cases arising under the National Voter Registration Act, *see* 42 U.S.C. § 1973gg-9(c), as in cases arising under 42 U.S.C. § 1983 and certain other civil rights statutes, *see* 42 U.S.C. § 1988, the court 'may' award the 'prevailing party' a reasonable attorney's fee."); *Project Vote v. Blackwell*, No. 1:06-CV-1628, 2009 U.S. Dist. LEXIS 34571, at *15 n.7 (N.D. Ohio Mar. 31, 2009) ("Because these fee shifting statutes contain nearly identical language and serve the same Congressional purposes, courts generally construe the sections similarly, and the same standards apply to fees recovered under all three sections."); *True the Vote v. Hosemann*, No. 3:14-CV-532-NFA, 2014 U.S. Dist. LEXIS 201659, at *8 (S.D. Miss. Oct. 17, 2014) ("If these are not 'civil rights' *per se*, they are so closely akin to such rights that the same fee shifting standards should apply.").

### B. The Foundation Is the Prevailing Party.

A party is considered a prevailing party "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing

suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (internal citations omitted). "[A]t a minimum … the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) (construing 42 U.S.C. § 1988). The "material alternation of the legal relationship of the parties" is the "touchstone of the prevailing party inquiry." *Tex. State Teachers Ass'n*, 489 U.S. at 792-93. A material alteration occurs if "the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992).

In the Third Circuit's words, "The Supreme Court so far has identified two resolutions that establish prevailing party eligibility: (1) judgments on the merits, and (2) court-ordered consent decrees (including settlement agreements enforced through consent decrees)." *Singer Mgmt. Consultants v. Milgram*, 650 F.3d 223, 228 (3d Cir. 2011) (en banc) ("*Singer*") (citing *Buckhannon*, 532 U.S. at 604).

The Foundation is fundamentally the prevailing party under these standards because it received summary "judgment on the merits" of its claims (Doc. 84). *See Singer*, 650 F.3d at 228 ("A grant of summary judgment or a trial verdict in favor of the plaintiff is no doubt a 'judgment.'"); *see also* Merriam-Webster, https://www.merriam-webster.com/dictionary/merit (defining "merits" as "the substance of a legal case apart from matters of jurisdiction, procedure, or form").

4

The Court's Summary Judgment Order has undeniably altered the parties' legal relationship because the Foundation is now "entitled to enforce a judgment … against" the Secretary. *Farrar*, 506 U.S. at 113. Specifically, the parties' "legal relationship" is materially altered such that the Secretary is now obligated to produce to the Foundation the very records the Foundation sought before and throughout this litigation. In other words, the Secretary is now forced to do something she would otherwise not have to do.

Two recent cases involving the Foundation reinforce the conclusion that the Foundation is the prevailing party here. In *Public Interest Legal Foundation. v. Matthews*, 589 F. Supp. 3d 932, 944 (C.D. Ill. 2022), the court granted the Foundation's motion for summary judgment on its claim under the NVRA's Public Disclosure Provision. In the same order, the court provided, "Defendants are further ORDERED, pursuant to 52 U.S.C. §20510(c), to pay the Foundation its attorneys' fees, costs, and expenses." *Id*.

In *Public Interest Legal Foundation v. Bennett*, the Court entered an "Agreed Order" made between the parties, under which the Foundation "received … the relief it originally requested—for the Defendant to publicize certain documents and information—with only minor concessions." *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-00981, Doc. 84 at 3 (entered Jan. 26, 2021). The Court held the Foundation was a prevailing party within the meaning of the NVRA because "the

5

Agreed Order (Doc. No. 76) that the Court entered does represent actual relief to the plaintiff that has changed the legal relationship of the parties." *Id*. In other words, "PILF has a court order that it can ask [the] Court to enforce if the Defendant fails to comply with it." *Id*.

Similarly, here, the Foundation received an enforceable judgment that entitles the Foundation to the relief requested in the complaint—a ruling that the requested records are within the NVRA's scope and an order compelling production of those records. The Foundation thus "has a court order that it can ask this Court to enforce if the Defendant[s] fails to comply with it." *Id*. The Foundation is the prevailing party and there is no credible argument to the contrary.

In civil rights cases like this, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley*, 461 U.S. at 429, *superseded on other grounds* (citations and quotations omitted); *see also Nat'l Coal. for Students with Disabilities*, 173 F. Supp. 2d at 1276 ("Although these attorney's fee provisions speak in discretionary terms, a prevailing plaintiff ordinarily is entitled to an award of fees, unless special circumstances would render such an award unjust."). No such circumstances exist here. To the contrary, compensating the Foundation for its time will encourage private enforcement of the NVRA and thereby further the purpose of the NVRA's fee-shifting provision, 52 U.S.C. § 20510(c).

## II. The Requested Fee Award Is Reasonable.

### A. The Lodestar Method Is Used to Calculate an Appropriate Fee Award.

The reasonableness of a fee award is assessed using the "lodestar" formula, "which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001) (citations omitted). The figure that results from the lodestar calculation is more than a rough guess or approximation of the final award to be made: "[W]hen the applicant for a fee has carried the burden of showing that the claimed rate and number of hours are reasonable, the resulting product is *presumed* to be the reasonable fee…." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (emphasis added); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("We have established a 'strong presumption' that the lodestar represents the 'reasonable fee.'").

### B. The Number of Hours Expended Is Reasonable.

To establish the number of hours reasonably expended, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. The movant "should identify the general subject matter of his time expenditures," but "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n.12.

The Foundation fulfills these obligations with the accompanying documents submitted in support of this Motion, specifically, the documents accompanying the

7

Declaration of Noel H. Johnson ("Johnson Declaration") and the Declaration of Linda A. Kerns ("Kerns Declaration"). Both declarations attest to the necessity and accuracy of the time expended in this matter. The accompanying billing statements show, in detail, the tasks performed, and the time devoted to each task, based on contemporaneous time records.

The party seeking attorney's fees should also exercise "billing judgment," *Hensley*, 461 U.S. at 437. In an exercise of billing judgment, Foundation attorneys Johnson and Phillips excluded 70.4 hours from the fee request and Ms. Kerns excluded 10.1 hours from the fee request.[2] Johnson Declaration ¶ 13; Kerns Declaration ¶ 10. Combined, these reductions have a value of $32,200.00. *Id.*

The Supreme Court has made clear that "'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar*, 506 U.S. at 114 (quoting *Hensley*, 461 U.S. at 436). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. Here, the dominant legal issue—whether the requested records are within the NVRA's scope—was resolved in the Foundation's favor. (*See* Doc. 23 at 14.) The Secretary was then ordered to produce the vast majority of the

---

[2] The Foundation's billing entries are organized into columns. The column labeled "Gross Hours" reflects the total time billed for each task. Where a billing judgment was made, the next column, labeled "Adjusted Hours," reflects any reduction and provide the time for which recovery is sought. Johnson Declaration ¶ 11; Kerns Declaration ¶ 9.

requested records. (*See* Doc. 84 ¶ 3 ("Defendants are DIRECTED to comply with plaintiff's first, second, and third disclosure requests to the extent required by the National Voter Registration Act as set forth more fully in our accompanying memorandum and this order.").)[3] The Foundation thus obtained "excellent results" and should recover its full fee, *Hensley*, 461 U.S. at 435, minus the reductions previously described.

### C. The Hourly Rates Are Reasonable.

The Foundation is a non-profit, public interest law firm, and it was primarily represented by its own attorneys in this action. Yet "Congress did not intend the calculation of fee awards to vary depending on whether plaintiff was represented by private counsel or by a nonprofit legal services organization," like the Foundation. *Blum*, 465 U.S. at 894; *see also Student Public Interest Research Group of New Jersey, Inc. v. AT&T Bell Laboratories*, 842 F.2d 1436, 1450 (3rd Cir. 1988) ("We hold that under the facts of this case, involving a for-profit public interest law firm

---

[3] The Foundation was successful on its fourth disclosure request as a matter of law. Judgment was nevertheless entered for the Secretary on the fourth disclosure request because the Secretary swore in its summary judgment filings that it "lacks any records to disclose." (Doc. 83 at 23 (citing Doc. 64 at 17-18; Doc. 64-1 ¶¶ 42-43).) What that means is the Secretary could have resolved the Foundation's fourth disclosure request before this action was even filed—or any time thereafter. Instead, the Secretary maintained that all requested records were outside the NVRA's scope, *see* Doc. 1-18, thereby forcing the Foundation to pursue all requests, including the fourth request, through the summary judgment stage. Judgment in the Secretary's favor on the fourth request does not change the excellent nature of the Foundation's success.

that has an artificially low billing rate, the community billing rate charged by attorneys of equivalent skill and experience performing work of similar complexity, rather than the firm's billing rate, is the appropriate hourly rate for computing the lodestar.").

The Supreme Court explains, "It is in the interest of the public that such law firms be awarded reasonable attorneys' fees to be computed in the traditional manner when its counsel perform legal services otherwise entitling them to the award of attorneys' fees." *Blum*, 465 U.S. at 895. Therefore, the reasonable hourly rate is based on the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Id*.

A reasonable hourly rate should be in accord with rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line" with the rates charged by those lawyers. *Id*.

The Foundation has complied with these standards by requesting an hourly rate of $400 per hour for Attorney's Johnson, Phillips, and Kerns. Johnson Declaration ¶¶ 4-5; Kerns Declaration ¶ 3. These rates are reasonable and comparable to the rates charged by similar lawyers in the Middle District of

Pennsylvania, according to Lou Capozzi, an attorney who practices in this district. Declaration of Lou Capozzi ¶ 7.

Here, after billing judgments, the Foundation reasonably requests compensation in the amount of $166,200.00 for its attorneys' fees and $20,020.00 for Ms. Kerns's fees.[4] Johnson Declaration ¶ 16; Kerns Declaration ¶ 12.

### D. The Foundation Is Entitled to Recover Costs and Expenses in Addition to Attorney's Fees.

The NVRA provides that prevailing parties are entitled to recovery of "litigation expenses and costs." 52 U.S.C. § 20510(c). The Foundation has submitted itemized reports of the expenses necessarily incurred in this litigation. Exhibit 2 to Johnson Declaration; Exhibit 2 to Kerns Declaration. The Foundation reasonably requests reimbursement in the amount of $2,361.41 for the expenses it incurred and $362.50 for those expenses Ms. Kerns incurred. Johnson Declaration ¶ 14; Kerns Declaration ¶ 11.

### E. The Foundation Is Entitled to Recover Attorney's Fees Associated with the Preparation of this Motion.

The Foundation is also entitled to recover for the time it spent on the preparation of this Motion. *Lejeune G. v. Khepera Charter Sch.*, 420 F. Supp. 3d 331, 341 (E.D. Pa. 2019) ("[T]ime spent on fee petition preparation is compensable.") (citations omitted). Accordingly, in addition to the time spent on the

---

[4] This amount reflects time billed through December 12, 2022.

11

case-in-chief, the Foundation's counsel is seeking to recover for the time spent preparing the fee petition and supporting documentation. *See* Exhibit 1 to Johnson Declaration; Exhibit 1 to Kerns Declaration. The Foundation intends to supplement this amount with additional fees incurred in preparing this Motion and any other compensable work that may arise hereafter.

## CONCLUSION

For the foregoing reasons, the Court should award the Foundation attorney's fees, costs, and expenses as requested herein.

Dated: December 16, 2022.

Respectfully submitted,

      /s/ Noel H. Johnson
Noel H. Johnson (Wis. Bar # 1068004)*
Kaylan L. Phillips (In. Bar #30405-84)*
320 N. Meridian St., Ste. 912
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
njohnson@PublicInterestLegal.org
kphillips@PublicInterestLegal.org

Linda A. Kerns, Esquire
LAW OFFICES OF LINDA A. KERNS, LLC
1420 Locust Street – Suite 200
Philadelphia, PA 19102
PA Atty ID 84495
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

*Admitted Pro Hac Vice*

12

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2022, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

Respectfully submitted,

/s/ Noel H. Johnson
Noel H. Johnson
njohnson@publicinterestlegal.org
*Counsel for Plaintiff*