United States District Court
Middle District of Pennsylvania
Harrisburg Division

| | |
|---|---|
| The **PUBLIC INTEREST LEGAL FOUNDATION,** *Plaintiff,* v. **LEIGH M. CHAPMAN,** in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and **JONATHAN M. MARKS,** in his official capacity as Deputy Secretary for Elections and Commissions, *Defendants.* | No. 1:19-cv-00622-CCC |

### Declaration of Noel H. Johnson

I, Noel H. Johnson, make the following declaration pursuant to 28 U.S.C. § 1746:

1.  I am an attorney at the Public Interest Legal Foundation ("Foundation"). The Foundation is a 501(c)(3) public interest law firm based in Indianapolis, Indiana that served as plaintiff and counsel in this action. The Foundation specializes exclusively in elections and voting issues and its lawyers have extensive experience litigating cases under the law that governed this action: the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20501 *et seq*.

1

2. I and other Foundation lawyers provided services on behalf of the Foundation in this action. As lead counsel, I performed or directed most of the work on this case. I am thus familiar with the work performed by other Foundation lawyers at all stages of the litigation.

3. This declaration is submitted in support of the Foundation's Motion for Attorney's Fees, Costs, and Expenses and attests to the accuracy and necessity of the fees, costs, and expenses incurred by the Foundation in the successful prosecution of this action.

4. I am currently Litigation Counsel for the Foundation. I graduated *cum laude* from Marquette University Law School in 2010, after which I joined The Bopp Law Firm, where I specialized in campaign finance and constitutional law. In that role, I litigated cases to protect the constitutional rights of individuals, associations, corporations, and political groups in federal and state courts throughout the country. I joined the Foundation in 2012. I specialize in litigation, education, and research related to elections and voting. In addition to this action, I have served as counsel in numerous cases to enforce the NVRA, including the public records provision upon which this case is based. Those cases include:

> *American Civil Rights Union v. Clarke County, Mississippi Election Commission*, No. 2:14-cv-101 (S.D. Miss, filed July 27, 2015).
>
> *American Civil Rights Union v. Rodriguez*, No. 7:16-cv-103 (S.D. Tex., filed March 4, 2016).

2

*Virginia Voters Alliance, Inc. v. Leider*, Civ. No. 16-395 (E.D. Va., filed April 7, 2016).

*Public Interest Legal Foundation v. Reed*, No. 1:16-cv-1375 (E.D. Va., filed Oct. 31, 2016).

*Public Interest Legal Foundation v. Haake*, No. 3:16-836 (E.D. Va., filed Oct. 31, 2016).

*Public Interest Legal Foundation v. Bennett*, No. 4:17-cv-00981 (S.D. Tex., filed March 29, 2018).

*Public Interest Legal Foundation v. Bell*, No. 5:19-cv-248 (E.D.N.C., filed June 17, 2019).

*Public Interest Legal Foundation v. Lamone*, No. 1:19-cv-3564 (D. Md., filed Dec. 16, 2019).

*Public Interest Legal Foundation v. Bellows*, No. 1:20-cv-61 (D. Me., filed Feb. 19, 2020).

*Public Interest Legal Foundation v. Voye*, No. 2:20-cv-279 (W.D. Pa., filed Feb. 24, 2020).

*Public Interest Legal Foundation v. Benson*, No. 1:21-cv-00929 (W.D. Mich., filed Nov. 3, 2021).

*Public Interest Legal Foundation v. Evans*, No. 1:21-cv-03180 (D.D.C., filed Dec. 6, 2021).

*Public Interest Legal Foundation v. Griswold*, No. 1:21-cv-03384 (D. Co., filed Dec. 16, 2021).

*Public Interest Legal Foundation v. Meyer*, No. 1:22-cv-00001 (D. Ak., filed Jan. 20, 2022).

*Public Interest Legal Foundation v. Ardoin*, No. 3:22-cv-00081 (D. La., filed Feb. 4, 2022).

*Public Interest Legal Foundation v. Way*, No. 3:22-cv-02865 (D. N.J., filed May 17, 2022).

My work has also been published in law journals, *e.g.*, *Resurrecting Retrogression: Will Section 2 of the Voting Rights Act Revive Preclearance Nationwide?*, 12 Duke J. Const. L. & Pub. Pol'y 1, 6 (2017), and by media outlets, such as the Washington

Examiner, The Hill, and National Review. I have also provided written and oral testimony before governmental bodies regarding election and voting issues. *E.g.*, Testimony of Noel H. Johnson before the House State Government Committee on Noncitizen Registration and Voting in the Commonwealth, October 25, 2017, *available at* https://publicinterestlegal.org/pilf-files/Johnson-Oct-17-Testimony.pdf. I regularly contribute to Foundation reports concerning elections, voting, and related issues. *See* https://publicinterestlegal.org/category/reports/. I am a member of the bar of the State of Wisconsin and the United States District Court for the Eastern District of Wisconsin, and I am admitted to practice in the United States Courts of Appeal for the Fourth, Eighth, Ninth, Tenth, and District of Columbia Circuits. The Foundation is seeking reimbursement at a rate of $400 per hour for my time.

5. Kaylan L. Phillips is Litigation Counsel for the Foundation. She graduated from The University of Tulsa College of Law in 2008, after which she joined The Bopp Law Firm, where she specialized in campaign finance and constitutional law. In that role, she litigated cases to protect constitutional rights in federal and state courts throughout the country. She joined the Foundation in 2012. She specializes in litigation, education, and research related to elections and voting. She is a member of the bar in Oklahoma, Indiana, and the District of Columbia. She is also a member of the bar of the United States Supreme Court, the United States

Court of Appeals for the Second, Fourth, Fifth, Eighth, Ninth, Eleventh, and District of Columbia Circuits, as well as many United States District Courts. In addition to this action, she has served as counsel in numerous cases to enforce the NVRA, including the public records provision upon which this case is based:

> *American Civil Rights Union v. Rodriguez*, No. 7:16-cv-103 (S.D. Tex., filed March 4, 2016).
>
> *Voter Integrity Project NC, Inc. v. Wake County Board of Elections*, No. 5:16-cv-00683 (E.D. N.C., filed July 18, 2016).
>
> *Public Interest Legal Foundation v. Bell*, No. 5:19-cv-248 (E.D.N.C., filed June 17, 2019).
>
> *Public Interest Legal Foundation v. Winfrey*, No. 2:19-cv-13638 (E.D. Mich., fled Dec. 10, 2019).
>
> *Public Interest Legal Foundation v. Bellows*, No. 1:20-cv-61 (D. Me., filed Feb. 19, 2020).
>
> *Public Interest Legal Foundation v. Sandvoss*, No. 3:20-cv-03190 (C.D. Ill., filed July 27, 2020).
>
> *Public Interest Legal Foundation v. Benson*, No. 1:21-cv-00929 (W.D. Mich., filed Nov. 3, 2021).
>
> *Public Interest Legal Foundation v. Evans*, No. 1:21-cv-03180 (D.D.C., filed Dec. 6, 2021).
>
> *Public Interest Legal Foundation v. Griswold*, No. 1:21-cv-03384 (D. Co., filed Dec. 16, 2021).
>
> *Public Interest Legal Foundation v. Meyer*, No. 1:22-cv-00001 (D. Ak., filed Jan. 20, 2022).

She was also counsel for the plaintiff in *Bellitto v. Snipes*, No. 0:16-cv-61474 (S.D. Fla., filed June 27, 2016), which, to the Foundation's knowledge, involved the first ever trial over the NVRA's voter list maintenance obligations. She has also authored or co-authored *amicus curiae* briefs in election law litigation throughout the country.

Her work has been published by media outlets such as The Hill, Fox News, SCOTUSBlog, and The Daily Signal. She has also provided written and oral testimony before the U.S. House of Representatives regarding election and voting issues. *See* Testimony of Kaylan L. Phillips before the United State House Committee on Oversight and Reform, Subcommittee on Civil Rights and Civil Liberties, May 1, 2019, *available at* https://publicinterestlegal.org/pilf-files/House-Oversight-Committee-Testimony-of-Kaylan-Phillips-May-1-2019.pdf.The Foundation is seeking reimbursement at a rate of $400 per hour for her time.

6. As part of the Foundation's normal business practice, Foundation attorneys tracked the time they worked on this matter. Foundation attorneys contemporaneously recorded descriptions of the services or tasks performed. These records were made and kept by the attorney with personal knowledge of the entries. Each entry was made on or around the date the work was performed.

7. A chart compiling the time expended by Foundation attorneys and the description of the work is attached as Exhibit 1 to this declaration (the "Foundation Billing Statement"). The Foundation Billing Statement truly and accurately reflects the time-keeping records of the Foundation attorneys who performed worked on behalf of the Foundation in this action.

8. I have reviewed and am familiar with the relevant time-keeping records. The services described in the Foundation Billing Statement were reasonably and

necessarily performed in pursuit of the Foundation's claims on the merits and in pursuit of attorney's fees, costs, and expenses under the NVRA's fee-shifting provision.

9. The time expended for each task performed is accurately listed in the Foundation Billing Statement under the column-heading "Gross Hours." The service or task performed is accurately described in the Foundation Billing Statement under the column-heading "Comment."

10. In the reasonable exercise of billing judgment, the Foundation is not seeking reimbursement for certain billing entries. These reductions were made for time spent on certain tasks that were deemed excessive, duplicative, redundant, inefficient, not directly related to the case, not sufficiently detailed, or which in the exercise of reasonable billing judgment, the Foundation has agreed not to seek recovery for one reason or another.

11. Where billing judgments were made, the "Gross Hours" incurred by the Foundation were adjusted, resulting in the "Adjusted Hours," which reflect any reduction and provide the amount of time for which recovery is sought.

12. The Foundation excluded a significant number of hours from its attorney's fees request. For example, the Foundation has excluded hours related to mediation, even though Defendants suggested mediation and the Foundation had by that time obtained an enforceable judgment.

13. In total, the Foundation has excluded 70.4 hours from its request, which results in a reduction of $28,160 from total amount of fees incurred. *See* Exhibit 1.

14. The Foundation also incurred expenses in the prosecution of this case. Those expenses are truly and accurately listed in Exhibit 2 to this declaration (the "Foundation Expense Report"). It is the Foundation's normal practice to track and bill for each of these expenses separately and each of the expenses for which reimbursement is sought was reasonably and necessarily incurred in the successful prosecution of the Foundation's case. The total amount of costs and expenses incurred by the Foundation to date is $2,361.41.

15. Because the Foundation's attorneys are not admitted to practice law in Pennsylvania, they were required to associate with a local attorney to file and prosecute this action. Philadelphia-based attorney Linda A. Kerns served as the Foundation's local counsel. Ms. Kerns' time and expenses are discussed and documented in the Declaration of Linda A. Kerns filed along with the Foundation's fee petition.

16. To date, the total amount requested for work performed by Foundation attorneys Johnson and Phillips as compensation for the successful prosecution of this action and in pursuit of fees, costs, and expenses is $166,200.00. The Foundation plans to submit documentation for the remaining work in this matter with a Supplemental Motion when that work is completed.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 16th day of December 2022.

       /s/ Noel H. Johnson
      Noel H. Johnson