United States District Court
Middle District of Pennsylvania
Harrisburg Division

| | |
|---|---|
| **The PUBLIC INTEREST LEGAL FOUNDATION,** *Plaintiff,* v. **LEIGH M. CHAPMAN,** in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and **JONATHAN M. MARKS,** in his official capacity as Deputy Secretary for Elections and Commissions, *Defendants*. | No. 1:19-cv-00622-CCC |

### Declaration of Linda A. Kerns

I, Linda A. Kerns, make the following declaration pursuant to 28 U.S.C. § 1746:

1. I am an attorney and owner of Law Offices of Linda A. Kerns, LLC located in Philadelphia, Pennsylvania.

2. I represent the Public Interest Legal Foundation ("Foundation") in this action. My co-counsel are attorneys employed by the Foundation. I am local Pennsylvania counsel.

3. I have been practicing law as a trial lawyer since 1999. I earned a Juris Doctorate from Loyola University Chicago in 1998, after which I clerked for the

1

Honorable William C. Todd, III in the Superior Court of New Jersey, Atlantic Vicinage for the 1998-1999 Court term. Following my clerkship, I practiced at two boutique firms, first in Chicago, Illinois and then in Philadelphia, Pennsylvania. In 2003, I opened the Law Offices of Linda A. Kerns, LLC and have continuously operated my own office since that time, practicing in Pennsylvania and New Jersey state and federal courts. I have handled cases in a variety of areas including commercial litigation, domestic relations and election law. I am a member of the bar of the United States Supreme Court, the United States Court of Appeals for the Third Circuit, as well the United States District Courts in the Western, Middle and Eastern Districts of Pennsylvania and the District of New Jersey. In 2003, I earned a Masters of Law in Taxation from Temple University, Beasley School of Law. In addition to this action, I have served as counsel in other cases to enforce the NVRA, including the public records provision upon which this case is based:

> *Public Interest Legal Foundation v. David Voye, et al.*, No. 20-cv-00279-CRE (W.D.PA, filed February 24, 2020).
>
> *Public Interest Legal Foundation v. Kathy Boockvar*, No. 1:20-cv-01905-JEJ (M.D. Pa., filed Oct. 15, 2020).
>
> *Public Interest Legal Foundation v. Tahesha Way*, No. 3:22-cv-02865-FLW-RLS (D. N.J., filed May 17, 2022).

My election law work includes representing and advising federal, state and local candidates; campaigns; interest groups; and voters in Pennsylvania. I have also co-authored *amicus curiae* briefs in election law litigation in Pennsylvania. I appear

frequently on Philadelphia talk radio stations 1210 WPHT and 990 The Answer to discuss election law related issues and educate the public. I am also a member of the Free Speech and Election Law Executive Committee of The Federalist Society for Law and Public Policy Studies, which directs efforts to organize events to provide education and analysis on Free Speech and Election Law issues. I have frequently been featured as a lecturer, teaching lawyers from all over the country about election law issues. The Foundation is seeking reimbursement at a rate of $400 per hour for my time.

4. As a part of my normal business practice, I recorded the time I spent on this matter for the Foundation on or around the same day the services were performed. I contemporaneously record detailed descriptions of each service or task performed.

5. A chart compiling my time and descriptions of my work is attached to this declaration (the "Kerns Billing Statement"). The Kerns Billing Statement truly and accurately reflects the time I spent on this matter and the services performed.

6. The time expended for each task performed is accurately listed in the Kerns Billing Statement under the column-heading "Gross Hours." The service or task performed is accurately described in the Kerns Billing Statement under the column-heading "Comment."

7.     The services described in the Kerns Billing Statement were reasonable and necessary in pursuit of the Foundation's claims on the merits and in pursuit of attorney's fees, costs, and expenses under the fee-shifting provision of the NVRA.

8.     In the reasonable exercise of billing judgment, the Foundation is not seeking reimbursement for some of my billing entries. These reductions were made for time spent on certain tasks that were deemed excessive, duplicative, redundant, inefficient, not directly related to the case, not sufficiently detailed, or which in the exercise of my reasonable billing judgment, the Foundation has agreed not to seek recovery for one reason or another.

9.     Where billing judgments were made, the "Gross Hours" incurred were adjusted, resulting in the "Adjusted Hours," which reflect any reduction and provide the amount of time for which recovery is sought.

10.    In total, 10.1 hours were excluded the Foundation's request, which results in a reduction of $4,040.00 from total amount of fees incurred. *See* Exhibit 1.

11.    The Foundation also incurred expenses in the prosecution of this case. The expenses attributable to my work on behalf of the Foundation are truly and accurately listed in Exhibit 2 to this declaration (the "Kerns Expense Report"). It is my normal practice to track and bill for each of these expenses separately and each of the expenses for which reimbursement is sought was reasonably and necessarily

incurred in the successful prosecution of the Foundation's case. The total amount of costs and expenses incurred by the Foundation to date is $362.50

12.  The amounts the Foundation is requesting for work performed by me on the Foundation's behalf is $20,020.00 in fees and $362.50 in expenses and costs. I plan to submit documentation for the remaining work in this matter with a Supplemental Motion when that work is completed.

I affirm under penalty of perjury that the foregoing is true and correct. Executed this 16th day of December 2022.

                                              /s/ Linda A. Kerns
                                             Linda A. Kerns