# United States District Court
# Middle District of Pennsylvania
# Harrisburg Division

| | |
|---|---|
| **The PUBLIC INTEREST LEGAL FOUNDATION,** *Plaintiff,* v. **LEIGH M. CHAPMAN,** in her official capacity as Acting Secretary of the Commonwealth of Pennsylvania, and **JONATHAN M. MARKS,** in his official capacity as Deputy Secretary for Elections and Commissions, *Defendants.* | No. 1:19-cv-00622-CCC |

## Appendix of Unpublished Decisions

1. Order, *Public Interest Legal Foundation v. Bennett*, No. 4:18-cv-00981 (Doc. 84, entered January 26, 2021).

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION, INC., | § § § |
| Plaintiff, | § § |
| VS. | § CIVIL ACTION NO. 4:18-CV-981 |
| ANN HARRIS BENNETT, | § § § |
| Defendant. | § § |

**ORDER**

Pending before the Court is the Plaintiff Public Interest Legal Foundation, Inc.'s ("PILF") Motion for Attorney's Fees, Costs, and Expenses. (Doc. No. 79). The Defendant Ann Harris Bennett ("Bennett" or the "Defendant") responded (Doc. No. 82) and PILF replied (Doc. No. 83). After considering the briefing and applicable law, the Court finds that PILF constitutes a "prevailing party" under the applicable statute. Accordingly, the Court grants Bennett leave to supplement her response to address the amount of the fee award.

**I.     Background**

Bennett is the voter registrar for Harris County. PILF filed this lawsuit to compel Bennett to disclose and make public various documents and information related to voter registration under the National Voter Registration Act. After some time in litigation, the parties reached a Mediation Settlement Agreement (Doc. No. 75) that required Bennett to release some of the requested information with certain redactions. The parties asked the Court to enter an agreed order memorializing the agreement, and the magistrate judge did. (Doc. No. 76). Now, PILF has moved this Court to enter an order awarding it attorney's fees under 52 U.S.C § 20510(c).

## II. Analysis

The relevant statute states:

In a civil action under this section, the court may allow the prevailing party (other than the United States) reasonable attorney fees, including litigation expenses, and costs.

52 U.S.C § 20510(c).

The threshold question when determining whether to award attorney's fees under a statute that authorizes such an award is whether the movant is a "prevailing party." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[F]or a party to qualify as a prevailing party it must (1) obtain actual relief, such as an enforceable judgment or a consent decree; (2) that materially alters the legal relationship between the parties; and (3) modifies the defendant's behavior in a way that directly benefits the plaintiff at the time of the judgment or settlement." *Salazar v. Maimon*, 750 F.3d 514, 521 (5th Cir. 2014) (emphasis omitted) (citations omitted).

Here, the Defendant argues that PILF is not a prevailing party because "PILF and VR Bennett's Mediation Settlement Agreement is not enforced through a consent decree. Nor has PILF obtained a judgment against Defendant." (Doc. No. 82 at 5). The Defendant claims that PILF is attempting to obtain an award of attorney's fees by using the "catalyst theory," which was rejected by the Supreme Court. (*Id.*) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001)).

In *Buckhannon*, the Supreme Court determined whether the term "prevailing party" included "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 600. There, a residential care facility sued the West Virginia Office of the State Fire Marshal after receiving a cease and desist order

2

requiring its closure for failure to comply with state law. *Id.* Thereafter, the West Virginia Legislature enacted bills whose passage ensured that the residential care facility did not have to close. *Id.* at 601. The case was dismissed as moot and the residential care facility moved for an award of attorney's fees claiming that it was the "prevailing party" because its lawsuit was the catalyst that achieved its desired result, regardless of the fact that the defendant changed its conduct voluntarily. *Id.* The Supreme Court disagreed and rejected the "catalyst theory" of attorney's fees recovery. *Id.* at 605. The Court held instead that: "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change. Our precedents thus counsel against holding that the term 'prevailing party' authorizes an award of attorney's fees *without* a corresponding alteration in the legal relationship of the parties." *Id.*

The Defendant here has accurately described that the Supreme Court has rejected the catalyst theory, but is unable to show that PILF's claim for fees relies upon that theory. Instead, the Agreed Order (Doc. No. 76) that the Court entered does represent actual relief to the plaintiff that has changed the legal relationship of the parties. *See Salazar*, 750 F.3d at 521. Pursuant to the Agreed Order, the Court retains jurisdiction to enforce its terms and to resolve disputes that involve it. (Doc. No. 76 at 5). Unlike the residential care facility in *Buckhannon*, PILF has a court order that it can ask this Court to enforce if the Defendant fails to comply with it. PILF received from the Agreed Order the relief it originally requested—for the Defendant to publicize certain documents and information—with only minor concessions. The Agreed Order modified the Defendant's behavior in a way that directly benefits PILF. *See Salazar*, 750 F.3d at 521. Accordingly, the Court finds that PILF is a "prevailing party" within the meaning of 52 U.S.C § 20510(c).

The Defendant only briefed in her response the issue of whether PILF is a prevailing party. Nevertheless, she asked that, if the Court found PILF to be a prevailing party, she be given leave of court to supplement her response to address the other issues in the motion for attorney's fees. The Court finds that such leave is appropriate.

### III.     Conclusion

For the foregoing reasons, the Court holds that PILF is a "prevailing party" for the purpose of awarding attorney's fees, costs, and expenses. The Court also hereby grants the Defendant leave to supplement her response in any way she chooses to address other issues in the motion. Any such response shall be filed by February 19, 2021. Plaintiff's counsel may file a reply if they do so by February 26, 2021.

Signed at Houston, Texas, this 26th day of January, 2021.

Andrew S. Hanen
United States District Judge